[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11890
_____

D.C. Docket No. 3:08-cv-00002-MCR

NORMAN MEARLE GRIM, JR.,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(January 22, 2013)

Before DUBINA, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

Norman Mearle Grim, Jr. is a Florida prison inmate awaiting execution. A jury found him guilty of the July 27, 1998 first-degree murder and sexual battery of Cynthia Campbell in Santa Rosa County, Florida, and unanimously recommended that the trial court sentence him to death. The court, finding the State had established three aggravating circumstances beyond a reasonable doubt and that those circumstances outweighed the mitigating circumstances shown by the evidence, followed the jury's recommendation and sentenced Grim to death. After exhausting his state remedies on direct appeal[1] and collateral attack,[2] Grim petitioned the United States District Court for the Northern District of Florida for a writ of habeas corpus. The District Court denied his petition and issued a certificate of appealability ("COA") with respect to the following issues:

> whether the jury trial guarantees of the Sixth Amendment and/or the Indictment Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, require(s) that capital aggravating factors must be found by the grand jury and charged in the indictment in a state capital prosecution.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified at 28 U.S.C. § 2254(d),

---

[1] See Grim v. State, 841 So. 2d 455 (Fla. 2003) (affirming convictions and death sentence); cert. denied, Grim v. Florida, 540 U.S. 892, 124 S. Ct. 230, 157 L. Ed. 2d 166 (2003).

[2] See Grim v. State, 971 So. 2d 85 (Fla. 2007) (affirming denial of Fla. R. Crim. P. 3.850 motion; denying petition for writ of habeas corpus).

2

a federal court may not grant habeas relief on a claim previously adjudicated in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The statutory phrase "clearly established Federal law" refers only to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000). A state court decision is "contrary to" such law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

For convenience, we rearrange the issues stated in the COA as follows: (1) whether the Indictment Clause of the Fifth Amendment (as made applicable to the States under the Fourteenth Amendment) requires that an aggravating factor relied on as the basis for the imposition of a death sentence in a state prosecution for capital murder be alleged in the indictment (charging the offense); (2) whether the Sixth Amendment (as made applicable to the States under the Fourteenth

3

Amendment) requires that such aggravating factor be found by a jury beyond a reasonable doubt; and (3) whether the Sixth Amendment (as made applicable to the States under the Fourteenth Amendment) requires that the aggravating factor(s) relied on by the State for the imposition of a death sentence be alleged in a state court indictment charging the defendant with capital murder.  We consider these issues in order.[3]

(1) The Fifth Amendment's Indictment Clause states, in pertinent part, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."  U.S. Const. amend. V.  In McDonald v. City of Chicago, the Supreme Court noted that the "Fifth Amendment's grand jury indictment requirement" is not applicable to the States.  130 S. Ct. 3020, 3035 n.13, 177 L. Ed. 2d 894 (2010).  Accordingly, in rejecting Grim's Indictment Clause claim, the Florida Supreme Court did not hand down a

---

[3] The District Court's resolution of these issues was limited to the record before the Florida Supreme Court when it decided them.  Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (holding that "review [under § 2254(d)] is limited to the record that was before the state court that adjudicated the claim on the merits.").  We similarly limit our review.

decision "contrary to" a Supreme Court holding. The District Court's denial of the claim is therefore affirmed.[4]

(2) The Sixth Amendment states, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, . . . and to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. In Ring v. Arizona, the Supreme Court held that the Sixth Amendment, as applicable to the States, requires that in a capital case tried to the court without a jury, the court may not determine the existence of an aggravating circumstance that would increase the statutory penalty from life to death. 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002). In such cases, the aggravating circumstance must be found by a jury.

In appealing his sentence to the Florida Supreme Court, Grim claimed that Florida's capital sentencing scheme was unconstitutional under Ring—because a judge, in imposing a sentence of death, finds the aggravating circumstances warranting the sentence. The court rejected his claim. "The aggravating circumstances which were present in this case included multiple convictions for

---

[4] We note in passing that, in Florida, a capital crime must be charged by indictment; all other felonies may be charged by information. See Fla. Const. art I, § 15(a). If the Indictment Clause applied to the States, Florida could not prosecute non-capital felonies by information.

5

prior violent felonies and a contemporaneous felony of a sexual battery, both of which were found unanimously by a jury. Moreover, by a twelve-to-zero vote, the jury recommended that the defendant be sentenced to death." Grim v. State, 841 So. 2d at 465.

The District Court held that the court's decision was not contrary to Ring's holding because "Florida's system is different.  As distinguished from Arizona's system, Florida has a hybrid system in which the jury renders an advisory verdict on the sentence, and the trial judge decides the ultimate sentence." Grim v. Buss, No. 3:08-cv-0002-MCR, 2011 WL 1299930, at *66 (N.D. Fla. Mar. 31, 2011) (citing Fla. Stat. § 921.141).

In Evans v. Sec'y, Fla. Dep't of Corrs., decided on October 23, 2012, after the District Court rendered its decision in Grim, a panel of this court held that "the Sixth Amendment does not require that the specific findings authorizing the imposition of the sentence of death be made by the jury." 699 F.3d 1249, 1264 (2012) (quoting Hildwin v. Florida, 490 U.S. 638, 640-41, 109 S. Ct. 2055, 2057, 104 L. Ed. 2d 728 (1989) (per curiam)).  Evans, like Grim's case, was a capital case tried to a jury.  The jury, finding that the aggravating circumstances outweighed the mitigating circumstances presented, recommended the imposition of the death sentence, and the court imposed it.  Evans, which is indistinguishable

6

from the case here, requires that we affirm the District Court's resolution of this Sixth Amendment issue, and we do so.

(3)  In his petition to the Florida Supreme Court for a writ of habeas corpus, Grim claimed that "the State violated his constitutional rights under the Sixth Amendment of the United States Constitution . . . by failing to specify in the indictment which aggravating circumstances it would rely on in seeking the death penalty."  Grim v. State, 971 So. 2d at 103.  The court rejected the claim with this statement: "As we have said before, '[t]he aggravating factors to be considered in determining the propriety of a death sentence are limited to those set out in [the statute]. Therefore, there is no reason to require the State to notify defendants of the aggravating factors that it intends to prove.'"  Id. (quoting Winkles v. State, 894 So. 2d 842, 846 (Fla. 2005)).

Count I of the indictment in Grim's case charged Grim with premeditated murder in violation of Fla. Stat. § 782.04.[5]  Section 782.04 of the Florida statutes

---

[5]  Count I of the indictment alleged, in pertinent part:

The Grand Jurors of the State of Florida, lawfully selected and impaneled and sworn, inquiring in and for the body of the County of Santa Rosa upon their oaths as Grand Jurors, do present that on or about the 27th day of July, in the year of our Lord, One Thousand Nine Hundred and Ninety-Eight, at and in the County of Santa Rosa, State of Florida, NORMAN MEARLE GRIM, JR., did unlawfully from a premeditated design to effect the death of a human being, to-wit: Cynthia Campbell, or while engaged in the perpetration of or in attempt to perpetrate a felony, to-wit: sexual battery, did kill and murder said Cynthia Campbell by

7

states that the "unlawful killing of a human being . . . [w]hen perpetrated from a

premeditated design to effect the death of the person killed . . . is murder in the

first degree and constitutes a capital felony, punishable as provided in [Fla. Stat. §]

775.082." Section 775.082 states, in pertinent part:

> A person who has been convicted of a capital felony shall be punished by death if the proceeding held to determine sentence according to the procedure set forth in [Fla. Stat. §] 921.141 results in findings by the court that such person shall be punished by death, otherwise such person shall be punished by life imprisonment and shall be ineligible for parole.

Fla. Stat. § 775.082(1).

Section 921.141, in turn, lists the aggravating circumstances that may warrant a

death sentence.[6] In brief, Count I notified Grim that he was (1) charged with

---

stabbing the victim with a knife and beating her with a hammer, and in the process thereof did use, carry or possess a weapon, to-wit: a knife and hammer in violation of Section[ ] 782.04 . . . , Florida Statutes.

[6] Under § 921.141(5),

AGGRAVATING CIRCUMSTANCES.–Aggravating circumstances shall be limited to the following:

(a) The capital felony was committed by a person previously convicted of a felony and under sentence of imprisonment or placed on community control or on felony probation.

(b) The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person.

(c) The defendant knowingly created a great risk of death to many persons.

8

(d) The capital felony was committed while the defendant was engaged, or was an accomplice, in the commission of, or an attempt to commit, or flight after committing or attempting to commit, any: robbery; sexual battery; aggravated child abuse; abuse of an elderly person or disabled adult resulting in great bodily harm, permanent disability, or permanent disfigurement; arson; burglary; kidnapping; aircraft piracy; or unlawful throwing, placing, or discharging of a destructive device or bomb.

(e) The capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.

(f) The capital felony was committed for pecuniary gain.

(g) The capital felony was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.

(h) The capital felony was especially heinous, atrocious, or cruel.

(i) The capital felony was a homicide and was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification.

(j) The victim of the capital felony was a law enforcement officer engaged in the performance of his or her official duties.

(k) The victim of the capital felony was an elected or appointed public official engaged in the performance of his or her official duties if the motive for the capital felony was related, in whole or in part, to the victim's official capacity.

(l) The victim of the capital felony was a person less than 12 years of age.

(m) The victim of the capital felony was particularly vulnerable due to advanced age or disability, or because the defendant stood in a position of familial or custodial authority over the victim.

(n) The capital felony was committed by a criminal gang member, as defined in [Fla. Stat. §] 874.03.

(o) The capital felony was committed by a person designated as a sexual predator pursuant to [Fla. Stat. §] 775.21 or a person previously designated as a sexual predator who had the sexual predator designation removed.

(p) The capital felony was committed by a person subject to an injunction issued pursuant to [Fla. Stat. §] 741.30 or [Fla. Stat. §] 784.046, or a foreign protection

9

capital murder and (2) could be sentenced to death if any of the aggravating circumstances listed in § 921.141 were found by the court.  This notice, the Florida Supreme Court held, informed the defendant of the aggravating circumstances that might lead the court to sentence him to death.

To prevail on this third issue, Grim had to convince the District Court that the Florida Supreme Court's decision was contrary to a Supreme Court holding in effect at the time the Florida Supreme Court rendered its decision.  Grim was unable to provide the District Court with a Supreme Court holding that the Florida Supreme Court misapplied, and the District Court found none.  We are unaware of a Supreme Court holding that even addresses the issue, much less decides it.  We therefore affirm the District Court's resolution of the third issue.

AFFIRMED.

---

order accorded full faith and credit pursuant to [Fla. Stat. §] 741.315, and was committed against the petitioner who obtained the injunction or protection order or any spouse, child, sibling, or parent of the petitioner.

10