[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14715

_____

D.C. Docket No. 1:09-cv-00148-MCR

RONALD PALMER HEATH,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 11, 2013)

Before: TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ronald Palmer Heath is a Florida death row inmate awaiting execution. A jury found him guilty of the May 1989 first-degree murder and armed robbery of Michael Sheridan[1] in Alachua County, Florida, and recommended that the trial

---

[1] The Florida Supreme Court described the crime, thus:

Heath and his live-in girlfriend, Penny Powell, traveled to the Jacksonville home of Heath's grandmother. After an argument with Heath, Powell returned to Douglas, Georgia, where she and Heath lived. Heath and his younger brother, Kenneth, drove to Gainesville to visit some of Heath's friends. On May 24, 1989, the brothers went to the Purple Porpoise Lounge in Gainesville where two of Heath's friends worked as waitresses. Sometime during the evening the brothers struck up a conversation with Sheridan, a traveling salesman who had come to the lounge for drinks and dinner. Sheridan bought the brothers a drink and inquired if they ever got high or had any marijuana. Heath suggested to Kenneth that they take Sheridan somewhere and rob him; Kenneth agreed. The trio left the bar in Kenneth's vehicle, which Heath drove to an isolated area of Alachua County. After parking on a dirt road, all three got out of the car and smoked marijuana. Heath made the hand motion of a pistol and asked Kenneth, "Did you get it?" Kenneth retrieved a small-caliber handgun from under the car seat, pointed it at Sheridan, and told him that he was being robbed. Sheridan balked at giving the brothers anything. Heath told Kenneth to shoot Sheridan. When Sheridan lunged at Kenneth, Kenneth shot him in the chest. Sheridan sat down, saying "it hurt." As Sheridan began to remove his possessions, Heath kicked him and stabbed him in the neck with a hunting knife. Heath attempted to slit Sheridan's throat, but was unable to complete the task with the dull knife and could only saw at Sheridan's neck. Heath then instructed Kenneth to kill Sheridan with the gun, and Kenneth shot him twice in the head. The brothers moved the body further into the woods. After returning to the Purple Porpoise, the brothers took Sheridan's rental car to a remote area, removed some items, and burned the car.

The next day the brothers used Sheridan's credit cards to purchase clothes, shoes, and other items at a Gainesville mall. . . . The brothers returned to Jacksonville and tossed the handgun into the St. John's River. The handgun was never recovered. Heath eventually returned to the trailer which he shared with Powell [his girlfriend] in Georgia.

Heath v. State, 648 So. 2d 660, 662 (Fla.1994).

2

court sentence him to death.  The court, finding the State had established two aggravating circumstances[2] beyond a reasonable doubt and that those circumstances outweighed the mitigating circumstances shown by the evidence, followed the jury's recommendation and sentenced Heath to death.  After exhausting his state remedies on direct appeal[3] and collateral attack,[4] Heath petitioned the United States District Court for the Northern District of Florida for a writ of habeas corpus.  The District Court denied his petition, Heath v. Tucker, No. 1:09-cv-00148-MCR, at *62 (N.D. Fla. Aug. 20, 2012), and issued a certificate of appealability ("COA") with respect to the following issues:

> Whether the jury trial guarantees of the Sixth Amendment and/or the Indictment Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, require that capital aggravating factors must be found by the grand jury and charged in the indictment in a state capital prosecution.[5]

---

[2] Fla. Stat. 921.141(5)(b), "The defendant was previously convicted of another capital felony or of a felony involving the use or threat of violence to the person."  Heath was previously convicted of second-degree murder.  Heath, 648 So. 2d at 663.  Fla. Stat. 921.141(5)(d), "The capital felony was committed while the defendant was engaged, or was an accomplice, in the commission of, or an attempt to commit, or flight after committing or attempting to commit, any: robbery" [or other violent felony].  The trial court found that "the murder was committed during the course of an armed robbery."  Heath, 648 So. 2d at 663.

[3] See Heath, 648 So. 2d at 666 (affirming convictions and death sentence); cert. denied, Heath v. Florida, 515 U.S. 1162, 115 S. Ct. 2618, 132 L. Ed. 2d 860 (1995).

[4] See Heath v. State, 3 So. 3d 1017 (Fla. 2009) (affirming denial of Florida Rule of Criminal Procedure 3.850 motion).

[5] The relevant part of the Fifth Amendment is: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ."  U.S. Const. amend. V.  The relevant part of the Sixth Amendment is: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of

3

Under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified at 28 U.S.C. § 2254(d),

a federal court may not grant habeas relief on a claim previously adjudicated in

state court unless the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d).  The statutory phrase "clearly established

Federal law" refers only to "the holdings, as opposed to the dicta, of [the Supreme]

Court's decisions as of the time of the relevant state-court decision."  Williams v.

Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).  A

state court decision is "contrary to" such law "if the state court arrives at a

conclusion opposite to that reached by [the Supreme] Court on a question of law or

if the state court decides a case differently than [the Supreme] Court has on a set of

materially indistinguishable facts."  Id. at 412–13, 120 S.Ct at 1499.

In Grim v. Sec'y, Fla. Dep't of Corr., 705 F.3d 1284 (11th Cir. 2013), this

court faced the same issues the District Court posed in the COA it issued in this

the State and district wherein the crime shall have been committed . . . and to be informed of the nature and cause of the accusation. . . ."  U.S. Const. amend. VI.

4

case. [6] Addressing the first issue—whether the Florida Supreme Court's decision rejecting Grim's claim that the Sixth Amendment required that his indictment "specify . . . which aggravating circumstances [the State] would rely on in seeking the death penalty," id. at 1288, was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent—the panel held for the State. The panel did so because (1) Grim was unable to provide a Supreme Court holding requiring that the indictment specify the aggravating circumstances, and (2) it was "unaware of a Supreme Court holding that even addresses the issue." Id. at 1289. And this is true today.

The Grim panel held that the Supreme Court's decision in McDonald v. City of Chicago, — U.S. —, 130 S. Ct. 3020, 3035 n.13, 177 L. Ed. 2d 894 (2010), resolved the second issue—whether the Fifth Amendment's indictment clause requires that the aggravating circumstances be found by the grand jury and charged in the indictment. Grim, 705 F.3d at 1287. The "'Fifth Amendment's grand jury indictment requirement' is not applicable to the States." Id. (quoting McDonald, 130 S. Ct. at 3035 n.13).

---

[6] The COAs in Grim and the instant case contain the exact same language. Compare Grim v. Sec'y, Fla. Dep't of Corr., 705 F.3d 1284, 1286 (11th Cir. 2013), with Heath v. Tucker, No. 1:09-cv-00148-MCR, at *62 (N.D. Fla. Aug. 20, 2012). As a result, the holdings from Grim control the instant case.

In light of these holdings, the judgment of the District Court denying

Heath's petition for a writ of habeas corpus is

AFFIRMED.