949 So.2d 353 (2007)
Jeffrey C. BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1393.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
*354 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for possession of a firearm by a convicted felon after being acquitted of attempted murder. The trial court sentenced him to twelve years with a three-year mandatory minimum on the possession charge. He raises two issues, one concerns the court's imposition of a mandatory minimum sentence without the requisite jury finding of "actual" possession of the firearm. We agree with his position on this issue and reverse that part of the sentence and remand the case to the trial court to strike the mandatory minimum part of his sentence.
The charges arose from a domestic dispute between the defendant and his girlfriend over her use of drugs. According to the defendant, his girlfriend grabbed the gun and it discharged as he attempted to disarm her. The girlfriend testified that the defendant threatened to kill himself if she would not stop using drugs. The next thing she knew, she was shot in the neck. It appears that the gun was either in the possession of one, the other, or both.
The court severed the jury's consideration of the attempted murder charge from the possession charge. However, during the jury's consideration of the attempted murder charge, it was given a special interrogatory concerning the defendant's possession of the firearm. The jury found the defendant in possession of the firearm. However, possession was defined just below the interrogatory as actual, constructive, or joint. The fourth paragraph stated: "Possession may be joint, that is, two or more persons may jointly have possession of an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article." The jury circled the words "Possession may be joint." The jury then acquitted the defendant of the attempted murder charge.
Defense counsel advised his client that he did not need a separate jury determination on the possession charge because the defendant had admitted he was a convicted felon during his testimony and the jury had answered the special interrogatory affirmatively. The defendant agreed. Thereafter the defendant entered a no contest plea to the possession charge, but maintained that he did not possess the firearm and reserved the right to appeal that issue.
At the sentencing, the defendant moved to withdraw his plea. The court *355 denied the motion, adjudicated him guilty of the possession charge, and sentenced him to twelve years with a three-year mandatory minimum. The defendant argues that because the jury did not find him in "actual" possession of the firearm, the court lacked the requisite finding to impose the mandatory minimum three-year sentence. We agree.
The State charged the defendant with possession of a firearm by a convicted felon. That offense is proven by either actual or constructive possession. James v. State, 868 So.2d 1242, 1245 (Fla. 4th DCA 2004). To impose a three-year mandatory minimum sentence, however, the fact finder must make a specific finding of actual possession. § 775.087(2)(a)1.r., Fla. Stat. (2004) see, e.g., Bundrage v. State, 814 So.2d 1133, 1135 (Fla. 2d DCA 2002) (there must be express finding of actual possession to enhance the sentence); Johnson v. State, 855 So.2d 218, 222 (Fla. 5th DCA 2003) (actual possession for the purposes of sentence enhancement means "carried on his person.").
Here, the special interrogatory asked: "If you find the defendant not guilty above, do you find that he possessed a `firearm'?" The jury answered affirmatively, but circled "joint possession" as it was defined. Because joint possession could be constructive rather than actual, the requisite finding of actual possession was lacking. Absent that finding the mandatory minimum sentence must be vacated.
Reversed and Remanded to strike the three-year mandatory minimum.
STONE and FARMER, JJ., concur.