PER CURIAM.
The appellant appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), raising three claims for relief. We affirm the denial as to grounds two and three without further discussion. However, for the reasons discussed below, we reverse and remand the denial as to ground one.
In ground one, the appellant asserts that a three-year minimum mandatory sentence imposed for his conviction for possession of a firearm by a convicted felon is illegal because he was never charged with being in “actual possession” of the firearm. Section 775.087(2)(a)l.r., Florida Statutes (2008), provides that an individual convicted of possession of a firearm by a convicted felon shall be subject to a three-year mandatory-minimum sentence; however, it is only applicable if the defendant is found to have been in actual possession of the firearm. See Banks v. State, 949 So.2d 353, 355 (Fla. 4th DCA 2007) (“To impose a three-year mandatory minimum sentence ... the factfinder must *88 make a specific finding of actual possession.”).
In order to enhance a defendant’s sentence under section 775.087(2), the grounds for enhancement must be clearly charged in the information. See Young v. State, 86 So.3d 541 (Fla. 2d DCA 2012). In this case, although the appellant was charged with possessing a firearm, he was never charged with “actually” possessing the firearm.[1] Cf. Green v. State, 18 So.3d 656 (Fla. 2d DCA 2009) (finding that trial court committed fundamental error by reclassifying defendant’s offense of trafficking in cocaine from a first-degree felony to a life felony pursuant to section 775.087(1) based on jury’s finding that defendant was in “actual possession” of a firearm at the time of the offense where criminal information did not allege that defendant was in actual possession of a firearm, but rather that he “carried, displayed, used, threatened to use or attempted to use” a firearm). The state asserts that there is no error because the jury in this case made a specific finding that the appellant actually possessed the firearm. However, a jury finding that the appellant actually possessed a firearm does not cure the charging defect. Cf. Davis v. State, 884 So.2d 1058 (Fla. 2d DCA 2004) (25-year minimum mandatory sentence illegal where death or great bodily harm not alleged in the information, even if a jury makes such a finding and the statute is quoted in the information).
Accordingly, we reverse and remand for the trial court to strike the three-year minimum mandatory sentence. We affirm the denial of the appellant’s remaining claims.
AFFIRMED in part, REVERSED and REMANDED IN PART with directions.
BENTON, VAN NORTWICK, and PADOVANO, JJ., concur.

. Here, the information charging the appellant with possession of a firearm by a convicted felon reads:
On January 12, 2007, [the appellant] did unlawfully own or have in his care or her care, custody, possession or control a firearm, having been previously convicted of a felony....”