MAY, J.
The defendant appeals an order denying his Rule 3.800(a) motion to correct an illegal sentence, in which he challenged a ten-year mandatory minimum sentence imposed under the 10-20-Life law. More than a decade after his conviction and sentence, he claims the mandatory minimum sentence was illegal.because the information failed to expressly allege he had “actual possession” of a firearm, thereby failing to provide him sufficient notice that the firearm enhancement would apply. We disagree and affirm.
The State charged the defendant with robbery while carrying a firearm. A jury convicted him as charged. In a special interrogatory, the jury found that he was in “actual possession” of the firearm during the offense. The court sentenced the defendant to twenty-five years and imposed a ten-year mandatory minimum sentence under the 10-20-Life law. § 775.087(2)(a)1., Fla. Stat. (1999). We affirmed his conviction and sentence. Martinez v. State, 801 So.2d 944 (Fla. 4th DCA 2001) (unpublished table decision). He did not challenge the sufficiency of the allegations in the information as they related to the imposition of the mandatory minimum in his direct appeal.
In March 2014, the defendant filed his Rule 3.800(a) motion challenging the ten-year mandatory minimum as an illegal sentence. He claimed the mandatory minimum part of his sentence was illegal because the information did not charge him with “actual possession.” The information charged:
December 17, 1999 Jose Martinez did take certain property, to-wit: apparel and/or merchandise, from the person or custody of [the victims], with the intent to permanently or temporarily deprive the said person or owner of the property, and in the course of the taking there was the use of force, violence, assault, or putting in fear, and in the course of committing the robbery carried a firearm or other deadly weapon, to-wit: a firearm in violation of Florida Statutes 812.13(1) and 812.13(2)(a).
The trial court denied the motion finding that the defendant did not establish an illegal sentence that could be remedied under Rule 3.800(a). The court noted that the information charged that the defendant “carried” a firearm.
An illegal sentence subject to correction under Rule 3.800(a) must be one that no judge under the entire body of sentencing laws could possibly impose under any set of factual circumstances. Wright v. State, 911 So.2d 81, 83 (Fla.2005); Carter v. State, 786 So.2d 1173, 1181 (Fla.2001). The illegality must be of a fundamental nature and clear from the face of the record. Wright, 911 So.2d at 83-84.
We have held that an information alleging a defendant “carried” a firearm during an offense provides sufficient notice to sustain a mandatory minimum for “actual possession” of a firearm. Altieri v. State, 835 So.2d 1181, 1185 (Fla. 4th DCA 2002).[1] In Grant v. State, 138 So.3d 1079 *172 (Fla. 4th DCA 2014), we held that the legal requirements for carrying a firearm were not equivalent to the statutory requirement that a defendant be found in “actual possession” for purposes of sentencing. The lack of a jury finding of “actual possession” rendered the mandatory minimum sentence illegal. Id. at 1085. Here, the jury made an express finding of “actual possession.” Therefore, Grant is distinguishable.
We acknowledge that the First District reached a different conclusion in Arnett v. State, 128 So.3d 87 (Fla. 1st DCA 2013). There, the defendant was charged with possession of a firearm by a convicted felon. Id. at 88. The jury found him guilty of actually possessing a firearm, and the court imposed a mandatory minimum sentence. Id.
The defendant filed a Rule 3.800(a) motion, requesting the court to vacate the mandatory minimum sentence because the charging document charged him with possession, not “actual” possession. Id. at 87-88. The First District held that the failure of the charging document to allege actual possession was fatal to the imposition of the mandatory minimum. Id. at 88. We simply disagree with the First District that the failure to allege “actual possession” renders an otherwise legal sentence illegal. It is contrary to our precedent, and we see no reason to deviate from our precedent.
The defendant knew he was charged with armed robbery. He was on notice that his actual possession of a firearm was a factual issue to be submitted to the jury. Had the defendant been concerned about the mandatory minimum sentence, the defendant could have objected to both the special interrogatory and the imposition of the mandatory minimum. He did neither. And, he did not raise the insufficiency of the information, the special interrogatory, or the mandatory minimum sentence on direct appeal.
Unless the defendant was prejudiced, the defect in the charging document could have been corrected if a timely objection had been made. A defendant should not be able to raise this issue more than a decade after the fact in a Rule 3.800(a) motion. Our supreme court has recognized that a defendant can waive the failure to precisely charge grounds for a mandatory minimum under the 10-20-Life law. Bradley v. State, 3 So.3d 1168, 1171 (Fla.2009). We disagree that this alleged charging defect results in an illegal sentence subject to correction at any time under Rule 3.800(a).

Affirmed.

FORST, J., concurs.
TAYLOR, J., dissents with opinion.

. In other cases, however, we have held that the allegation of ''carrying” a firearm is insufficient to impose a twenty-year mandatory minimum sentence for discharging a firearm regardless of a jury finding that the defendant discharged the gun. See, e.g., Lane v. State, *172 996 So.2d 226, 227 (Fla. 4th DCA 2008); Inmon v. State, 932 So.2d 518, 520 (Fla. 4th DCA 2006).