# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-66
Lower Tribunal No. 87-40231 A
_____

**Donald Keith Rolling,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Donald Keith Rolling, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LAGOA, J.

Appellant, Donald K. Rolling ("Rolling"), seeks reversal of the trial court's order denying his 3.800(a) Motion to Correct Illegal Sentence as successive. We affirm, although for reasons other than those stated by the trial court.

I.    PROCEDURAL HISTORY

In February 2010, Rolling filed a Rule 3.800(a) motion for postconviction relief, contending that his sentence could not be enhanced for possession of a firearm because it was an element of the crimes charged. The February 2010 motion was denied and this Court affirmed on appeal. See Rolling v. State, 60 So. 3d 402 (Fla. 3d DCA 2011) (Table).

In September 2012, Rolling filed a second Rule 3.800(a) motion, arguing that his three-year minimum mandatory term was illegal because the jury did not make a specific finding that he actually possessed a firearm. On February 22, 2013, the motion was denied as successive and this Court affirmed on appeal. See Rolling v. State, 145 So. 3d 849 (Fla. 3d DCA 2014) (Table).

In October 2014, Rolling filed his most recent Rule 3.800(a) motion, asserting that the trial court erroneously enhanced his sentence for the kidnapping convictions because: (1) Rolling was never charged with possession of a firearm under the kidnapping counts in the Information, and (2) the jury never determined whether Rolling "actually or constructively used or possessed a firearm." On December 3, 2014, the trial court entered an order denying Rolling's Rule 3.800(a)

2

motion as successive and procedurally barred for having been raised in previous motions.[1]

II.  ANALYSIS

Rolling's amended initial brief argues solely that his October 2014 3.800(a) motion was erroneously denied on the basis of being successive.  In its response, the State submits that while the trial court's reasoning for denying Rolling's motion was incorrect, the ultimate denial of the motion was proper.  Specifically, the State acknowledges that the particular issues Rolling presents in his most recent 3.800(a) motion have never been presented or addressed on the merits, even though Rolling has raised similar issues in prior motions.  The State argues that we can nevertheless affirm the trial court's denial of Rolling's motion based on the "tipsy coachman" doctrine.[2]  According to the State, the attachments to the trial

---

[1] See State v. McBride, 848 So. 2d 287, 290-91 (Fla. 2003) (holding that collateral estoppel preludes a defendant from rearguing in a successive 3.800 motion the same issue argued in a prior motion).

[2] See Ramkelawan v. State, 152 So. 3d 680, 681 (Fla. 4th DCA 2014):

> Although we agree with the trial court's ultimate conclusion that the petition warranted denial, we affirm for reasons other than those stated by the court.  Robertson v. State, 829 So. 2d 901 (Fla. 2002).  "This longstanding principle of appellate law, sometimes referred to as the 'tipsy coachman' doctrine, allows an appellate court to affirm a trial court that 'reaches the right result, but for the wrong reasons' so long as 'there is any basis which would support the judgment in the record.'"  Id. at 906 (quoting Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 644-45 (Fla. 1999)).

court's order denying relief contain portions of the record that conclusively refute Rolling's claims.

We turn first to the question of whether the trial court denied Rolling's motion because it was successive. A review of the record shows that in his October 2014 Motion to Correct Illegal Sentence, Rolling's primary argument is that the trial court erroneously enhanced sentencing for his kidnapping convictions because he was never charged with possession of a firearm under the kidnapping counts of the Information.[3] In contrast, in his September 2012 motion, Rolling asserted that his three-year minimum mandatory term was illegal because the jury did not make a specific finding that he actually possessed a firearm. Thus, Rolling's most recent argument regarding the specifics of the Information was not raised in his prior motion, and the State is correct that the trial court erred in denying the 3.800(a) motion as successive.

We now turn to whether the record provides another basis to affirm the trial court's order. Our review of the kidnapping counts contained in the Information reveals that Rolling's principal assertion that he was never charged with possession

---

[3] See Peck v. State, 425 So. 2d 664, 665 (Fla. 2d DCA 1983) ("In order for a three-year mandatory minimum to apply on a conviction pursuant to section 775.087(2), the state must allege in the information and prove at trial that the defendant possessed a 'firearm' or 'destructive device' during the commission of the crime."); Altieri v. State, 835 So. 2d 1181, 1184 (Fla. 4th DCA 2002) (same).

4

of a firearm under these counts is incorrect and ultimately warrants denial of his most recent motion. Specifically, Count IV states in relevant part:

> DONALD KEITH ROLLING . . . without lawful authority **did then and there forcibly, secretly, or by threat, confine, abduct or imprison another person** . . . against that person's will, with the intent to commit or facilitate the commission of any felony, to wit: BURGLARY and/or ROBBERY, and/or inflict bodily harm upon or to terrorize the victim of any other person, and **during the commission of this act or acts, the defendants carried, displayed, used, threatened, or attempted to use a weapon or firearm**, to wit: a REVOLVER . . . .

(emphasis added).[4] These portions of the record attached to the trial court's order clearly refute Rolling's claims that he was not charged with possession of a firearm under the kidnapping counts of the information.

Because the Information charged Rolling with possession of a firearm during the commission of the kidnapping, we conclude that the trial court did not err in denying Rolling's October 2014 Motion to Correct Illegal Sentence.

We additionally note that Rolling conceded on page 3 of his February 2010 motion that the jury did, in fact, find him in possession of a firearm during the

---

[4] See also Count II (charging Rolling with possession of a firearm during the commission of a theft and/or robbery and/or kidnapping); Count V (charging Rolling and codefendant Watts with the same offense alleged in Count II upon another victim: "defendants were armed . . . with a dangerous weapon, to wit: HANDGUNS"); Count VII (charging Rolling and Watts with the same offenses alleged in Count IV upon another victim: "defendants carried, displayed, used, threatened, or attempted to use a weapon or firearm, to wit: HANDGUNS"); Count IX ("defendants carried, displayed, used, threatened, or attempted to use a weapon or firearm, to wit: a PISTOL").

commission of the kidnapping: "In the instant case, the jury made the required finding and indicated the prerequisite on the specially prepared verdict form that this defendant was in actual possession of a firearm during the commission of the enumerated felonies." Moreover, the trial court's order denying the February 2010 motion attached a copy of the relevant portion of the jury verdict form indicating that Rolling was found guilty "as to KIDNAPPING . . . AS CHARGED IN COUNT NINE OF THE INFORMATION." Significantly, on the verdict form, the jury found that Count Nine was committed "WITH A FIREARM." We therefore affirm the trial court's order, although for reasons other than those stated by the trial court. See Ramkelawan, 152 So. 3d at 681.

Affirmed.