# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2016.

_____

No. 3D15-66
Lower Tribunal No. 87-40231 A
_____

**Donald Keith Rolling,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Donald Keith Rolling, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.


Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LAGOA, J.

ON MOTION FOR REHEARING

On January 20, 2016, this Court affirmed the trial court's order denying Donald K. Rolling's ("Rolling") 3.800(a) Motion to Correct Illegal Sentence as successive, although for reasons other than those stated by the trial court. Rolling v. State, 41 Fla. L. Weekly D236 (Fla. 3d DCA Jan. 20, 2016). Rolling has filed a motion for rehearing pursuant to Florida Rule of Appellate Procedure 9.330. We deny the motion for rehearing.

Rolling asserts that the Information was insufficient to charge him with "actual possession" of a firearm, and that it is a violation of due process to convict Rolling of a crime not charged. That argument, however, was never raised by Rolling in either his direct appeal or in any of his 3.800(a) motions. See Sarmiento v. State, 371 So. 2d 1047, 1053 (Fla. 3d DCA 1979); Cleveland v. State, 887 So. 2d 362, 364 (Fla. 5th DCA 2004). A new issue raised for the first time in a motion for rehearing is improper under Rule 9.330, and this Court will not entertain this new argument on rehearing. Cleveland, 887 So. 2d at 364 ("No new ground or position may be assumed in a petition for rehearing. . . . This court need not entertain new argument or consider additional authority cited in support thereof.").

We note that any alleged defect in the charging document could have been corrected if a timely objection had been made. See Martinez v. State, 169 So. 3d 170, 172 (Fla. 4th DCA 2015). Consequently, Rolling's failure to object to a technical deficiency in the charging document prior to the jury's verdict constitutes

a waiver.  <u>Bradley v. State</u>, 3 So. 3d 1168, 1171 (Fla. 2009); <u>Connolly v. State</u>, 172 So. 3d 893, 902 (Fla. 3d DCA 2015).

Motion for Rehearing Denied.