# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1111
_____

MARCUS KEYTON JONES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
J. Scott Duncan, Judge.

August 3, 2018


PER CURIAM.

Marcus Keyton Jones appeals his convictions and sentences for attempted second-degree murder and two counts of aggravated assault. He raises several issues, only one of which has merit. Jones asserts the trial court improperly imposed a twenty-year mandatory-minimum sentence for his conviction for aggravated assault because the evidence and arguments at trial did not support a finding that he discharged a firearm during the commission of the felony.

During the episode which formed the basis for the charges against him, Jones discharged a firearm. In the charging document and at trial, the State distinguished between the conduct that supported the charges of attempted second-degree

murder and aggravated assault. In connection with the attempted second-degree murder charge, the information charged Jones with the discharge of a firearm during the offense, and the State argued at trial that the discharge of the weapon related to the attempted second-degree murder charge.

In contrast, with respect to the aggravated assault charge, Jones was charged with possessing a firearm during the commission of the offense. And the State argued at trial that it was the possession of the firearm and not the discharge of the firearm that related to the aggravated assault charge. The State specified that "[i]t's not shooting [the victims]," "[i]t's threatening [the victims] with it." Despite the charging documents and the arguments advanced at trial, the verdict form permitted the jury to find, and the jury did find, that Jones discharged a weapon when he committed the offense of aggravated assault. Based on our review of the record, Jones is entitled to relief. *See Arnett v. State*, 128 So. 3d 87, 88 (Fla. 1st DCA 2013) (holding that in order for a defendant's sentence to be enhanced under the 10-20-Life statute, the jury must make factual findings supporting the enhancement, and the State must specifically allege the grounds for enhancement in the charging document).

Accordingly, we reverse Jones's sentence on Count 2, and remand for the trial court to correct the sentence on this count so that it reflects a sentence of twenty years' imprisonment with a three-year mandatory-minimum sentence because Jones was charged with and found by the jury to have had actual possession of a firearm during the commission of the offense.

AFFIRMED in part, REVERSED in part.

ROWE, RAY, and MAKAR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

2

Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.