# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0254
Lower Tribunal No. 16-19713
_____

**Issac Woods,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Andrea R. Wolfson, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, C.J., and FERNANDEZ, and MILLER, JJ.

MILLER, J.

Appellant, Issac Woods, challenges his three-year minimum mandatory sentence imposed pursuant to section 775.087(2)(a)(1)(q), Florida Statutes (2016), following a probation revocation. Under the statute, only an offender found in "actual possession" of a firearm is subject to the minimum mandatory. On appeal, contending the State's use of the unadorned word "possession" in the charging document was insufficient to afford him notice of the potential imposition of the minimum mandatory, Woods asserts a due process violation. We discern no error and affirm.

**BACKGROUND**

In late 2016, Woods, a convicted felon, was arrested after he was observed attempting to conceal a stolen handgun underneath a mattress. Upon questioning by law enforcement, he admitted to secreting the firearm but disclaimed ownership. The State subsequently filed a single-count information charging Woods with possession of a firearm by a convicted felon. The charging document alleged he "did unlawfully and feloniously own or have in [his] care, custody, possession, or control a firearm . . . in violation of [sections] 790.23(1) and . . . 775.087(4), [Florida Statutes]."

Prior to trial, the State offered to waive the minimum mandatory sentence in exchange for a plea of guilty as charged, along with an adjudication and two years in state prison followed by three years of

2

probation.  Woods pled guilty and was sentenced consistent with the terms of the negotiated agreement.

After he was released from prison, Woods violated his probation.  He entered an admission to the violation, and the lower court revoked his probation and sentenced him to a three-year minimum mandatory pursuant to section 775.087(2)(a)(1)(q), Florida Statutes.  The instant appeal ensued.

## LEGAL ANALYSIS

In probation violation proceedings, the trial court may impose any sentence up to the maximum which could have been originally imposed.  Scott v. State, 326 So. 2d 165, 166 (Fla. 1976).  Here, Woods was originally charged with possession of a firearm by a convicted felon, a second-degree felony, generally punishable by up to fifteen years of imprisonment.  See § 790.23(1), Fla. Stat.; § 775.087(4), Fla. Stat.  Although the challenged sentence falls well below the statutory maximum, because actual possession "aggravates the legally prescribed range of allowable sentences," relying upon the language in the information, Woods contends the State was precluded from seeking imposition of the minimum mandatory.  Alleyne v. United States, 570 U.S. 99, 115, 133 S. Ct. 2151, 2162, 186 L. Ed. 2d 314 (2013).  Having carefully examined the statutory language and information, along with the record of the proceedings below, we are not so persuaded.

3

Due process requires "at a minimum . . . that deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 313, 70 S. Ct. 652, 656-57, 94 L. Ed. 865 (1950). In the context of a criminal prosecution, "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause." Gardner v. Florida, 430 U.S. 349, 358, 97 S. Ct. 1197, 1204, 51 L. Ed. 2d 393 (1977) (plurality opinion); accord United States v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000) ("Obviously, a criminal defendant must be afforded due process at sentencing.") (citation omitted). Accordingly, the accused has "a right to fair warning of that conduct which will give rise to criminal penalties," and the potential punishments which may be imposed. Marks v. United States, 430 U.S. 188, 191, 97 S. Ct. 990, 992-93, 51 L. Ed. 2d 260 (1977) (citations omitted).

Section 775.087(2)(a)(1)(q), Florida Statutes, provides, in pertinent part:

> Any person who is convicted of a felony, . . . and the conviction was for . . . [p]ossession of a firearm by a felon and during the commission of the offense, such person actually possessed a "firearm" or "destructive device" as those terms are defined in s[ection] 790.001, shall be sentenced to a minimum term of imprisonment of [ten] years, except that a person who is convicted for possession of a firearm by a felon or burglary of a conveyance shall be sentenced to a minimum term of

4

imprisonment of [three] years if such person possessed a "firearm" or "destructive device" during the commission of the offense.[1]

The term "possession" is defined elsewhere in the statute as "carrying it on the person." § 775.087(4), Fla. Stat. Possession may alternatively "be proven by demonstrating that the defendant had the firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the offense." Id.

Relying upon this language, along with the landmark Supreme Court holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), along with their progeny, Florida courts have uniformly held a finding of "actual possession," otherwise defined as "physical possession," is a prerequisite to the imposition of the enhanced statutory penalty. Wilcox v. State, 522 So. 2d 1062, 1063 (Fla. 3d DCA 1988); see Banks v. State, 949 So. 2d 353, 355 (Fla. 4th DCA 2007); Wallace v. State, 929 So. 2d 695, 697 (Fla. 4th DCA 2006); Bundrage v. State, 814 So. 2d 1133, 1134 (Fla. 2d DCA 2002); see also actual possession, Black's Law Dictionary (11th ed. 2019) ("Physical occupancy or control over property.").

---

[1] The words "possession" and "actual possession" are used interchangeably within the relevant statutory provisions.

5

Woods submits this line of cases further supports the proposition that the State must pen the term "actual possession" in the charging document in order to later seek imposition of the minimum mandatory. As persuasive authority, he cites the decision of our sister court in Arnett v. State, 128 So. 3d 87 (Fla. 1st DCA 2013). In that case, Arnett was charged with possession of a firearm by a convicted felon. The information alleged Arnett "did unlawfully own or have in his care, custody, possession or control a firearm." Id. at 88 n.1. Concluding that "although [Arnett] was charged with possessing a firearm, he was never charged with 'actually' possessing a firearm," the First District held the information did not support imposition of the minimum mandatory. Id. at 88.

After Arnett, the Fourth District Court of Appeal decided Martinez v. State, 169 So. 3d 170 (Fla. 4th DCA 2015). There, Martinez was charged with possession of a firearm by a convicted felon. The information charged Martinez with "carrying" a firearm. Id. at 171. A jury found him in actual possession, the minimum mandatory was imposed, and his judgment and sentence were affirmed on appeal. Martinez then filed a motion pursuant to Florida Rule of Criminal Procedure 3.800 challenging the minimum mandatory. The trial court denied the motion, and, on appeal, citing applicable precedent, the Fourth District found that allegations of "carrying"

6

a firearm sufficiently placed Martinez "on notice that his actual possession of a firearm was a factual issue to be submitted to the jury." Id. at 172.

Martinez sought review of the decision in the Florida Supreme Court. Holding that a challenge to "the procedure that led to the imposition of his minimum mandatory sentence by arguing that he was deprived of his due process right to notice of the potential punishment he faced . . . is not cognizable in a rule 3.800(a) motion," the court affirmed the lower court decision. Martinez v. State, 211 So. 3d 989, 992 (Fla. 2017).

Although Arnett and Martinez offer guiding principles, as this case involves a due process challenge, our review necessarily entails examining the totality of the procedural safeguards employed in the trial court. Harris v. State, 903 So. 2d 363, 366 (Fla. 2d DCA 2005) ("Appellate courts should look at the totality of the circumstances when determining whether a defendant's constitutional right to due process was violated by the imposition of an increased sentence.") (citation omitted).

We are informed by two significant factors. Firstly, although, as in Arnett, the information alleged "care, custody, possession, or control," the State further asserted a violation of section 775.087(4), Florida Statutes, a subset of the enhanced penalty statute. Moreover, while it is true the phrase "care, custody, and control" constitutes a term of art, in this context, denoting

7

constructive possession, it is equally true that nestled within that phrase, here, is the alternative allegation of "possession." See Christian v. State, No. 2D19-1227, at *2 (Fla. 2d DCA Dec. 9, 2020); Cusamano v. State, 298 So. 3d 1266, 1268 (Fla. 2d DCA 2020). The word "possession," when unaccompanied by any qualifying adjective, encompasses both actual and constructive possession. See United States v. Tiangco, 225 F. Supp. 3d 274, 285 (D.N.J. 2016) ("'Possession' includes physical custody. It also encompasses 'constructive possession,' i.e., 'dominion and control' in the sense of 'the ability to reduce an object to actual possession.'") (citations omitted); State v. Barger, 247 P.3d 309, 312 (Or. 2011) ("[T]he word 'possess' encompasses two alternative ways of possessing property that this court traditionally has recognized: (1) physically controlling the property ('actual' possession) and (2) exercising some other kind of dominion or control over the property ('constructive' possession)."); United States v. Ruiz, 621 F.3d 390, 397 (5th Cir. 2010) ("[T]he concept of possession of a weapon encompasses both actual possession and constructive possession.") (citation omitted); State ex rel. M.B., 198 P.3d 1007, 1015 (Utah Ct. App. 2008) ("Because the plain meaning of 'possesses' and 'possession' are unambiguous, and because the legal definition of constructive possession—requiring one to have power and intent to exercise control over an item—is

8

encompassed by the plain meaning of the term 'possession,' we conclude that the Legislature contemplated the term 'possesses' to mean both constructive and actual possession.") (citation omitted); State v. Blanchard, 776 So. 2d 1165, 1170 (La. 2001) ("[I]n the statutes dealing with possession of drugs and possession of guns, the term 'possess' 'is broad enough to encompass both "actual" and "constructive" possession.'") (citation omitted); People v. Mumford, 230 N.W.2d 395, 396 (Mich. Ct. App. 1975) ("The term 'possession' is to be construed in its commonly understood sense and may encompass both actual and constructive possession.") (citation omitted). Consequently, "possession" cannot be cast aside as merely synonymous with the allegations of constructive possession.

Secondly, Woods was afforded concrete notice that the State intended to seek the enhancement. After Woods was charged, the State repeatedly conveyed plea offers incorporating the three-year minimum mandatory. At multiple junctures, Woods was cautioned by the trial court as to the potential imposition of the minimum mandatory. Indeed, during his plea colloquy he acknowledged the charge carried a three-year minimum mandatory. Despite this, Woods never assailed the information as deficient. Instead, he availed himself of the favorable plea offer and waited until after he violated his probation to raise the challenge.

9

These circumstances, considered in sum, compel the conclusion that Woods was provided notice the three-year minimum mandatory was a potential penalty, and he had every opportunity to challenge the propriety of the charging document before entering his plea. Thus, Woods was afforded all the process he was due, and, in the face of his inactivity, the instant challenge has been waived. See State v. Perkins, 977 So. 2d 643, 645 (Fla. 5th DCA 2008) ("It has long been Florida law that technical deficiencies or defects in form may be waived by failure to make timely objection or by a plea to the merits.") (citations omitted); see also Birch v. State, 248 So. 3d 1213, 1218-19 (Fla. 1st DCA 2018) ("[T]he body of the charge cited section 790.23(1)(a), the felon in possession statute. The statute includes all elements of the possession crime, and its citation in the information placed Appellant on notice of the charges against him.") (citation omitted); Connolly v. State, 172 So. 3d 893, 904 (Fla. 3d DCA 2015) ("[B]ecause the defendant did not specifically and timely object to reclassification based on a defect in the [information], and the defect was not the omission of an essential element, he has waived the defect unless he can demonstrate that he had no notice that a conviction . . . could subject him to a reclassification under section 775.087(1) if the jury found he carried a firearm.") (citations omitted). We affirm.

Affirmed.