WIGGINTON, Judge.'
Appellant was informed against by the State Attorney of the Eighth Judicial Circuit in two separate informations charging him with the offenses of unlawful escape and unlawful possession of a weapon while incarcerated in the state prison. Appellant was represented at the trial by the public defender, and upon arraignment plead guilty to each of the charges made against him. From the judgment of conviction and sentence rendered in each case, appellant has appealed.
The sole point on appeal presented by appellant is whether his constitutional rights have been violated because the judgments of conviction arose out of prosecutions initiated by informations filed by the State Attorney rather than by an indictment of a grand jury. It is appellant’s position that the Constitution of the United States requires that no person be prosecuted for an infamous crime except upon an indictment by a grand jury, and that such mandate is binding in state prosecutions as well as in prosecutions under federal law.
In the early case of Sawyer v. State[1] it was held that the Fifth Amendment to the Federal Constitution which provides that no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presumption or indictment of a grand jury, is a limitation upon the Federal Government and has no reference whatever *56 to State action. This principle was reaffirmed by this Court in the Davis case[2] which not only followed the Sawyer case above referred to, but also the federal case of Koch v. Zuieback.[3]
This appeal having been found to be without merit, the judgments appealed are affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.

. Sawyer v. State, 94 Fla. 60, 113 So. 736.

. Davis v. State, (Fla.App.1964) 166 So.2d 189.

. Koch v. Zuieback, 9 Cir., 316 F.2d 1.