995 So.2d 1008 (2008)
Valencia BYRD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0014.
District Court of Appeal of Florida, First District.
October 24, 2008.
Rehearing Denied December 8, 2008.
*1009 Valencia Byrd, pro se; Nancy A. Daniels, Public Defender; and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General; and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, C.J.
In this criminal appeal, appointed counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Valencia Byrd (Appellant) was allowed to file a pro se brief. See id. at 744, 87 S.Ct. 1396; Ford v. State, 575 So.2d 1335, 1337 (Fla. 1st DCA 1991) (order on motion to dismiss). Having conducted an independent examination of the record pursuant to Anders, 386 U.S. at 744, 87 S.Ct. 1396, we affirm the trial court's rulings, but we do so in an opinion seeking to bring closure to this protracted case, which has followed a tortuous path between the trial court and this Court.
A grand jury returned an indictment charging Appellant and co-defendants Jerome Brown and Tilithia Craig with three crimes, which occurred on or between January 31 and February 6, 1994: first-degree premeditated murder, during the commission of which a pistol was carried or possessed (Count One); armed burglary with a pistol (Count Two); and attempted armed robbery with a pistol (Count Three). Bernard Clark was the victim of all three offenses.
On September 20, 1994, Appellant entered a written plea and negotiated sentence, the terms of which stated that Appellant would enter a guilty plea to Counts Two and Three and would be adjudicated guilty on both counts. The face of the plea form states that Appellant stipulated to an "above guideline sentence." The plea agreement provided for Appellant to be sentenced to 40 years' incarceration on Count Two and to 15 years' incarceration on Count Three. As to Count One, Appellant entered a guilty plea to the lesser-included offense of second-degree murder with a firearm, in exchange for which she agreed to a term of 40 years' incarceration. The written plea stated that all sentences would run concurrently and that the State would waive all minimum mandatory sentences. Appellant agreed to testify truthfully, as reflected in her sworn statement given on February 9, 1994, in the trial of co-defendant Brown. The plea and sentence could be set aside if Appellant failed to testify truthfully.
The face of the written plea stated that Appellant agreed to a sentence above the guidelines. The recommended guidelines sentence ranged from 169.5 to 282.5 months (14.125 to 23.5 years) in prison. The trial court signed an order certifying Appellant, a minor, as an adult. Consistent with the express terms of the plea, the sentence was 40 years in prison on Counts One and Two, and 15 years in prison on Count Three, all to run concurrently, with credit for time served. Because the trial court failed to advise Appellant of her right to appeal when the *1010 sentence was imposed, Appellant's petition for belated appeal was granted, with directions that counsel be appointed to represent Appellant in the direct appeal of her judgment and sentence. Byrd v. State, 916 So.2d 926 (Fla. 1st DCA 2005).
In its Anders brief, the Office of the Public Defender did not assert any reversible error by the trial court. In a pro se brief, Appellant argued, first, that her rights were violated because she was exposed to a criminal charge not made against her in the grand jury's indictment. Specifically, Appellant asserted a constitutional violation under the Fifth Amendment, in that the indictment was never amended to incorporate the lesser-included crime of second-degree murder with a firearm, to which she pled guilty as to Count One. See Amend. V, U.S. Const. (providing in pertinent part that "[n]o persons shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury").
Second, Appellant argued that, despite her express plea agreement to an upward departure sentence, the trial court erred in failing to state appropriate reasons for significantly deviating from the sentencing guidelines, thereby voiding the plea agreement. While this direct appeal was pending, but before serving her initial brief, Appellant timely filed a motion to correct sentencing error in the trial court; in this Court, she filed appropriate notice of her pending motion. See Fla. R.Crim. P. 3.800(b)(2). In her motion, Appellant argued that the trial court reversibly erred by failing to comply with the mandatory requirements of two statutes. Section 921.001(6), Florida Statutes (1993), states:
A court may impose a departure sentence outside the sentencing guidelines based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence in accordance with s. 921.0016. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure. Any sentence imposed outside the range recommended by the guidelines must be explained in writing by the trial court judge.
Section 921.0016(1)(c), Florida Statutes (1993), states:
A state prison sentence which varies upward or downward from the recommended guidelines prison sentence by more than 25 percent is a departure sentence and must be accompanied by a written statement delineating the reasons for the departure, filed within 15 days after the date of sentencing. A written transcription of orally stated reasons for departure from the guidelines at sentencing is permissible if it is filed by the court within 15 days after the date of sentencing.
The trial court timely denied the motion, citing Quarterman v. State, 527 So.2d 1380 (Fla.1988), for the proposition that "a plea bargain can constitute a valid reason for departure" from the sentencing guidelines. Id. at 1382; Holland v. State, 508 So.2d 5, 6 (Fla. 1987). Indeed, in rejecting Appellant's second argument pursuant to the holdings in Quarterman and Holland, we need look no further than the specific terms of Appellant's written plea agreement, in which she stipulated to a departure sentence. Accordingly, the trial court was not required to explain the upward deviation, and Appellant's argument on this point is meritless.
*1011 Appellant's alleged Fifth-Amendment violation has no merit, because the United States Supreme Court "has not ... held the indictment requirement of the Fifth Amendment to be binding upon the States" and state action. Gosa v. Mayden, 413 U.S. 665, 668 n. 1, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); see Branzburg v. Hayes, 408 U.S. 665, 668 n. 25, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); Hurtado v. People of California, 110 U.S. 516, 534-35, 538, 4 S.Ct. 111, 28 L.Ed. 232 (1884); Sawyer v. State, 94 Fla. 60, 113 So. 736, 739-40 (1927); Duff v. State, 171 So.2d 55-56 (Fla. 1st DCA 1965). Inasmuch as the record demonstrates that Appellant's guilty plea on Count One to the lesser-included offense of second-degree murder with a firearm was made knowingly and voluntarily in accordance with Rule 3.170(k) and with the consent of the prosecutor and the trial judge, the law and facts refute Appellant's claim of a Fifth-Amendment violation based on the absence of an amended indictment. Finding no reversible error by the trial court, we AFFIRM the judgment and sentence.
ALLEN and DAVIS, JJ., concur.