PER CURIAM.
Alfio Gentile filed a petition for writ of habeas corpus in this court raising a merit-less claim which this court has repeatedly rejected. We dismiss the petition for writ of habeas corpus and impose the sanction of no longer accepting petitioner’s pro se filings.
In 1999, petitioner bludgeoned his wife with a hammer while she lay in bed, inflicting severe injuries to her head and face. The victim was in a coma for several days and required various reconstructive surgeries. A jury convicted petitioner of attempted first-degree murder with a deadly weapon, and the court sentenced him to life in prison. This court affirmed on direct appeal. Gentile v. State, 808 So.2d 225 (Fla. 4th DCA 2002) (table).
In numerous postconviction motions and petitions, petitioner has repeatedly raised the same meritless claim, that his offense should not have been reclassified from a first-degree felony to a life felony pursuant to section 775.087(1), Florida Statutes, because the jury allegedly did not specifically find that he used a deadly weapon. This meritless claim has been repeatedly rejected. Gentile v. State, 950 So.2d 1251 (Fla. 4th DCA 2007) (table); Gentile v. State, 965 So.2d 143 (Fla. 4th DCA 2007) (table); Gentile v. State, 7 So.3d 1114 (Fla. 4th DCA 2009) (table); Gentile v. State, No. 4D09-934 (Fla. 4th DCA Apr. 9, 2009) (petition for writ of habeas corpus denied).
Most recently, petitioner again raised the same issue in another habeas corpus petition filed in this court in case number 4D09-5034. This court issued an order to show cause why sanctions should not be imposed in that case. See State v. Spencer, 751 So.2d 47 (Fla.1999); Fla. R.Crim. P. 3.850(m). Following petitioner’s response, this court declined to impose sane- *57 tions but explained to petitioner that his claim lacked merit. This court cautioned him that sanctions would be imposed if he continued to raise this claim. Gentile v. State, No. 4D09-5034 (Fla. 4th DCA Feb. 9, 2010) (February 9, 2010 order).
In the instant case, petitioner has yet again raised the same claim. This court issued an order to show cause pursuant to Spencer and Rule 3.850(m). In response, petitioner maintains that his claim has merit because the jury on the verdict form did not specifically find that a deadly weapon was used.
The jury convicted petitioner on a verdict form which reads: “Guilty of ATTEMPTED FIRST DEGREE MURDER, as charged in the information.” The information charged: “ATTEMPTED FIRST DEGREE MURDER WITH A DEADLY WEAPON.” The information alleged that petitioner attempted “to commit First Degree Murder with a Deadly Weapon” by striking the victim about the head with a hammer and/or blunt object. The information alleged that petitioner carried, displayed, used, threatened to use, or attempted to use “a hammer and/or blunt object” and cited the deadly weapon reclassification statute, section 775.087(1), Florida Statutes.
Petitioner maintains that the reclassification of section 775.087(1) should not have been applied because of the lack of a specific jury finding on the verdict form that he used a deadly weapon. He relies on State v. Tripp, 642 So.2d 728, 730 (Fla.1994), and State v. Overfelt, 457 So.2d 1385 (Fla.1984). However, the Florida Supreme Court has clarified that, although a specific finding in an interrogatory on the verdict form is preferable, what Overfelt ultimately requires is a “clear jury finding.” State v. Iseley, 944 So.2d 227, 231 (Fla.2006); Tucker v. State, 726 So.2d 768, 771 (Fla.1999); State v. Hargrove, 694 So.2d 729, 731 (Fla.1997).
[A]ll that is required for the application of a reclassification or enhancement statute to an offense is a clear jury finding of the facts necessary to the reclassification or enhancement “either by (1) a specific question or special verdict form (which is the better practice), or (2) the inclusion of a reference to [the fact necessary for reclassification] in identifying the specific crime for which the defendant is found guilty.”
Sanders v. State, 944 So.2d 203, 207 n. 2 (Fla.2006) (quoting Iseley, 944 So.2d at 231).
In convicting petitioner as charged in the information, which specifically charged use of a deadly weapon and a violation of section 775.087(1), the jury clearly found that he used a deadly weapon. The offense was properly reclassified under the circumstances of this case. See Johnson v. State, 720 So.2d 232, 237 (Fla.1998). To be sure, petitioner acted alone and no possibility exists that the jury convicted him under an accomplice liability theory; the jury could not have found that someone other than petitioner himself personally carried or used the deadly weapon. Further, the only manner in which petitioner was alleged to have attempted to murder the victim was through the use of a deadly weapon. The “as charged” verdict unambiguously reflects the jury’s finding that a deadly weapon was used and is sufficient to support the reclassification. See, e.g., Amos v. State, 833 So.2d 841, 842-43 (Fla. 4th DCA 2002); Hunter v. State, 828 So.2d 1038, 1039 (Fla. 1st DCA 2002); Whitehead v. State, 446 So.2d 194, 197 (Fla. 4th DCA 1984). See also Maglio v. State, 918 So.2d 369, 376 (Fla. 4th DCA 2005).
Petitioner also contends that the reclassification violates Apprendi v. New *58 Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As previously explained to petitioner, any error in the jury’s failure to make a more specific finding is clearly harmless because of the overwhelming evidence that he used a deadly weapon. Galindez v. State, 955 So.2d 517 (Fla.2007) (applying Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006)). In Galindez, the Florida Supreme Court recognized that the suggestion in pre-Apprendi cases (like Overfelt and Tripp) that this type of error could not be harmless was superseded by Recuenco. Galindez, 955 So.2d at 523.
Petitioner’s unrelenting repetition of this meritless claim in successive post-conviction motions, and in various appeals and petitions filed in this court, is an abuse of procedure. The petition for writ of habeas corpus is dismissed. Baker v. State, 878 So.2d 1236, 1243-44 (Fla.2004); Fla. R.Crim. P. 3.850(0.
The Florida Supreme Court has repeatedly emphasized the need “for court-imposed sanctions to preserve every citizen’s right to access to courts.” Hastings v. State, 79 So.3d 739, 742 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080, 1082 (Fla.2011); Steele v. State, 14 So.3d 221, 223 (Fla.2009); Peterson v. State, 817 So.2d 838, 840 (Fla.2002). Similarly, this court has cautioned that abuse of writ of habeas corpus and postconviction relief procedures damages the remedy. McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010).
We conclude that appellant has not excused his abusive and repetitive filing. We direct the clerk of this court to no longer accept filings from petitioner relating to this criminal case unless they are signed by a member of The Florida Bar in good standing.

Petition dismissed and sanctions imposed.

MAY, C.J., TAYLOR and LEVINE, JJ„ concur.