PER CURIAM.
The appellant challenges his designation as a dangerous sexual felony offender, the result of which was to require a twenty-five year minimum mandatory term on his life sentence for armed sexual battery, which he asserts was in violation of section 794.011(3), Florida Statutes (2005). The trial court did not err because Casica was properly designated under section 794.0115(2)(b) in that he used or threatened to use a deadly weapon during the commission of the crime.[1] Because the jury found appellant guilty as charged in the information, and the information charged him with sexual battery during which the defendant “used or threatened *1094 to use a deadly weapon, to wit: a firearm,” the jury made a finding sufficient to satisfy Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and Alleyne v. United States, — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (facts that increase the mandatory minimum sentence are elements that must be submitted to the jury). See Gentile v. State, 87 So.3d 55, 57-58 (Fla. 4th DCA 2012). We reject appellant’s arguments to the contrary.

Affirmed.

WARNER, MAY and LEVINE, JJ., concur.

. The issue of the legality of the designation of appellant as a dangerous sexual offender under the statute, which requires a twenty-five year mandatory minimum prison term, was properly preserved through a motion to correct the sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). See, e.g., Jackson v. State, 983 So.2d 562, 572 (Fla.2008) (noting that a habitual offender designation, which increases the minimum punishment, could be addressed through a rule 3.800(b)(2) motion).