PER CURIAM.
Appellant, Timothy Donnell Green, who was convicted of aggravated battery with great bodily harm and with a weapon, two counts of false imprisonment, sexual battery with a firearm, and burglary of a dwelling with assault or battery, appeals his convictions and sentences and raises three issues, only one of which merits discussion. We agree with Appellant that the trial court erred by denying his motion to correct sentencing error with regard to the mandatory minimum firearm enhancement on Count 5, sexual battery with a firearm, and, therefore, reverse and remand with instructions to strike the firearm enhancement on that count. See Arnett v. State, 128 So.3d 87, 87 (Fla. 1st DCA 2013) (reversing and remanding the appellant’s sentence with directions to strike his mandatory minimum firearm enhancement sentence because a defendant’s sentence may not be enhanced pursuant to section 775.087(2), Florida Statutes, unless the defendant is charged with actually possessing a firearm, and noting that the jury’s finding of actual possession did not cure the charging defect); Green v. State, 18 So.3d 656, 656-57 (Fla. 2d DCA 2009) (holding in part that the information did not charge actual possession where it alleged that the defendant “carried, displayed, used, threatened, or attempted to use any weapon or firearm”). We otherwise affirm Appellant’s convictions and sentences.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
LEWIS, C.J., WOLF and MAKAR, JJ., concur.