DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISAAC J. NELSON, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2490

[ May 11, 2016 ]

**CORRECTED OPINION**

Appeal of order denying rule 3.800(a) motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph G. Marx, Judge; L.T. Case No. 502000CF003250A.

Isaac J. Nelson, III, Perry, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Isaac J. Nelson, III, appeals an order summarily denying his Rule 3.800(a) motion. He challenged the twenty-five year mandatory minimum terms imposed on his convictions for second degree murder with a firearm and attempted first degree murder with a firearm under the 10-20-Life law. § 775.087(2)(a)3, Fla. Stat. (1999) (requiring imposition of twenty-five year mandatory minimum for discharge of firearm, resulting in death or great bodily harm, during the course of committing an enumerated offense). His claim was that the indictment did not charge "death or great bodily harm," and therefore the mandatory terms were illegal. We affirm as to both counts.

Nelson was charged with first degree murder with a firearm as to one victim (Count I), and attempted first degree murder with a firearm as to a second victim (Count II). A jury found him guilty of the lesser included offense of second degree murder with a firearm as to Count I and guilty as

charged as to Count II. In the verdict for Count I, the jury found that Nelson discharged a firearm and "as a result caused death or great bodily harm" to the victim. In Count II, the jury also found that he discharged a firearm and, as a result, "great bodily harm" was inflicted on the victim. He was sentenced to concurrent terms of 26.6 years, each with a twenty-five year mandatory minimum pursuant to section 775.087(2).

In his Rule 3.800(a) motion, Nelson alleged that the enhancement of his sentences with the twenty-five year mandatory minimum terms was illegal because death or great bodily harm was not charged in the indictment, a copy of which he attached. He cited authority for the proposition that neither the inclusion of the statute number in the charging document, nor the jury finding, could cure this fatal defect. *E.g.*, *Whitehead v. State*, 884 So. 2d 139, 140 (Fla. 2d DCA 2004) (reversing in part the summary denial of a rule 3.800(a) motion where defendant's sentence included a twenty-year mandatory minimum for discharging a firearm, but the information charged only use of a firearm).

At the outset, we note that the alleged error in this case should be deemed waived by the lack of a contemporaneous objection when the special interrogatory was submitted to the jury and when the sentence was imposed in December 2000. This alleged charging defect does not result in an illegal sentence subject to correction at any time under rule 3.800(a). *See Martinez v. State*, 169 So. 3d 170, 172 (Fla. 4th DCA 2015), *rev. granted*, No. SC15-1620, 2016 WL 1082749 (Fla. Mar. 11, 2016). As we explained in *Martinez*, the Florida Supreme Court in *Bradley v. State*, 3 So. 3d 1168, 1171 (Fla. 2009), "recognized that a defendant can waive the failure to precisely charge grounds for a mandatory minimum under the 10-20-Life law." *Martinez*, 169 So. 3d at 172.

On the merits, however, we affirm the denial as to Count I, because, as the record shows, Count I of the indictment charged that Nelson "did . . . kill" the victim "by shooting him" and had a handgun in his possession.

We also affirm as to Count II of the indictment, which charged that Nelson "did unlawfully attempt to commit first degree murder with a firearm . . . by shooting [the victim], but [Defendant] failed in the perpetration or was intercepted or prevented in the execution of said offense, contrary to Florida Statutes 777.04(1), 775.087(2) and 782.04(1)(a)." We agree with the state's position that the allegation that Nelson shot the victim was sufficient to give notice of the "great bodily harm" element. *See Coke v. State*, 955 So. 2d 1216, 1217 (Fla. 4th DCA 2007) (concluding that an information which charged the defendant with aggravated battery by "shooting [the victim] in the legs" was sufficient to

2

advise defendant of the "great bodily harm" element, as language was more specific than "simply alleging great bodily harm").

*Affirmed.*

TAYLOR, GERBER and FORST, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**