IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

IVORY LEE ROBINSON,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1988

Opinion filed April 4, 2017.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Ivory Lee Robinson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

THOMAS, M. K., J.

Ivory Lee Robinson, defendant, appeals an order denying his rule 3.800(a) motion to correct illegal sentence, in which he challenges a twenty-five year mandatory minimum sentence imposed under the "10-20-Life" law. See § 775.087, Fla. Stat. In the first claim, he asserts he was never found in actual possession of a firearm. As this claim was raised and disposed of in a prior appeal, it is barred.

Now in his second claim and more than thirteen years after his conviction and sentence, he proclaims his mandatory minimum sentence is illegal pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), because: 1) the Amended Information failed to expressly charge that "*great* bodily harm," as opposed to "bodily harm," resulted from his shooting of the victim in the stomach with a .357 revolver handgun (in essence, defendant is raising a technical-defect challenge, in that the Amended Information does not track *precisely* the verbiage of the sentencing enhancement statute); and 2) the "great bodily harm" factor of the enhancement statute was not *precisely* submitted to, and found by the jury beyond a reasonable doubt, resulting in grounds for a substantive-defect challenge. We disagree, and affirm his sentence.

## I. Facts

In 2003, the State charged the defendant with attempted second-degree murder and possession of a firearm by a felon pursuant to sections 784.045, 782.04 and 790.23, Florida Statutes (2002). The Amended Information also charged section 775.087, Florida Statutes, the sentencing enhancement provision, also known as the "10-20-Life" law. The victim testified at trial and described being shot in the stomach by the defendant. The victim's injuries required immediate medical care and hospitalization. The jury found the defendant guilty on all counts, as charged. In response to special interrogatories submitted, the jury found: 1) "the

2

defendant guilty of Attempted Second[-]Degree Murder, as charged in Count I of the Information;" 2) that he "possessed and discharged a firearm, and by the discharge of said firearm caused injury to another person;" 3) he was guilty of Possession of a Firearm by a Convicted Felon, as charged in Count II of the Information; and 4) he was "in actual possession of a firearm." This Court affirmed the conviction and sentence on direct appeal. Robinson v. State, 888 So. 2d 25 (Fla. 1st DCA 2004) (unpublished table decision).

Thereafter, the defendant filed a number of post-conviction pleadings including multiple rule 3.800(a) motions, which asserted no finding of the "use" of a firearm, failure to find "actual" possession of a firearm, and use of a "deadly weapon," among other claims. All were unsuccessful. In March 2016, the defendant filed this rule 3.800(a) motion, arguing for the first time since being charged that the absence of "great bodily harm" constituted technical and substantive-defects in the Amended Information.

## II. **"Illegal Sentence"**

"[T]he definition of 'illegal sentence' as interpreted by case law has narrowed significantly since that term was used in the 1960s and 1970s." Carter v. State, 786 So. 2d 1173, 1176 (Fla. 2001). In Davis v. State, 661 So. 2d 1193, 1196 (Fla. 1995), the Florida Supreme Court defined an "illegal sentence" as "one that exceeds the maximum period set forth by law for a particular offense without

regard to the guidelines." But later, the contention <u>Davis</u> mandates that only those sentences that facially exceed the statutory maximums may be challenged as illegal under rule 3.800(a) was rejected. <u>State v. Mancino</u>, 714 So. 2d 429, 433 (Fla. 1998). Instead, "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition 'illegal.'" <u>Id.</u> Further, "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be declared so at any time under rule 3.800." <u>Hopping v. State</u>, 708 So. 2d 263, 265 (Fla. 1988). The Florida Supreme Court thus receded from <u>Davis</u> in <u>Mancino</u> and <u>Hopping</u> to the extent that <u>Davis</u> could be read to limit challenges under rule 3.800(a) to only those sentences that exceed the "statutory maximum." <u>Carter</u>, 786 So. 2d at 1177.

In 2014, the Florida Supreme Court addressed the question of whether a rule 3.800(a) motion is an appropriate vehicle to attack a defendant's upward-departure sentence under <u>Apprendi</u>, <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Plott v. State</u>, 148 So. 3d 90 (Fla. 2014). The Court determined "that upward departure sentences that are unconstitutionally enhanced in violation of <u>Apprendi</u> and <u>Blakely</u> fail to comport with constitutional limitations, and consequently, the sentences are illegal under rule 3.800(a)." <u>Plott</u>, 148 So. 3d at 95. Recently, however, in <u>Martinez v. State</u>, No. SC15-1620, 2017 WL 728098 (Fla. Feb. 23,

4

2017), the Florida Supreme Court declared that an alleged technical-defect in the charging document, which was not preserved at the trial level, does not constitute an "illegal sentence" subject to correction under Florida Rule of Criminal Procedure 3.800(a).

Accordingly, only the defendant's substantive-defect claim (that Apprendi factors were not submitted to and found by the jury) is properly raised by rule 3.800(a) motion.

### III. Apprendi & State-Issued Informations

The defendant asserts that pursuant to Apprendi, his conviction and sentence are illegal, as the Amended Information did not "precisely" track the sentencing reclassification statute by charging "*great* bodily harm."[1]  As a result of Apprendi, certain facts (though labeled by state law as "sentencing factors") are regarded as essential elements of the offense for purposes of the Sixth Amendment's jury-trial guarantee and the due process requirement of proof beyond a reasonable doubt.

---

[1] It is important to distinguish between "enhancement" of penalty laws and "reclassification" of offense laws. Admittedly, in some instances such a distinction may be without a difference in its practical effect, but the legislature has chosen to make a distinction. Enhancement is commonly associated with the province of the judge in sentencing, as in the case of habitual offenders, section 775.084, and the wearing of a mask, section 775.0845. Reclassification speaks to the degree of the crime charged, and in legislative application, appears to attach at the time the indictment or information is filed and not at the time a conviction is obtained. Section 775.081 "classifies" felonies. Section 775.087(1) "reclassifies" all felonies with specified exceptions when certain conditions attend to the commission of the crimes. Cooper v. State, 455 So. 2d 588, 589 (Fla. 1st DCA 1984). Subsections (2) and (3) of section 775.087, Florida Statutes, "enhance" the penalty.

The U.S. Supreme Court's requirement that <u>Apprendi</u>-type elements be included in all federal indictments is grounded on the Grand Jury Clause of the Fifth Amendment and also serves a notice function. <u>Id.</u> at 476. But <u>Apprendi</u> does not affect trial procedure except when fact-finding is necessary to raise the floor or ceiling of the authorized sentencing range. <u>See</u> <u>Blakely</u>; <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

The Fifth Amendment's Indictment Clause states, in pertinent part: "[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentation or indictment of a Grand Jury." U.S. CONST. amend. V.  The U.S. Supreme Court, to date, has not yet held the "Fifth Amendment's grand jury indictment requirement" as applicable to the states. <u>Gosa v. Mayden</u>, 413 U.S. 665, 668 (1973); <u>Byrd v. State</u>, 995 So. 2d 1008, 1011 (Fla. 1st DCA 2008). The Sixth Amendment states, in pertinent part: "[I]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to be informed of the nature and cause of lent the accusation." U.S. CONST. amend. VI. The states would have a constitutional obligation to include <u>Apprendi</u>-type factors in their charging instruments only if the notice requirement of the Sixth Amendment, which does apply to the states via Fourteenth Amendment due process, imposed such a requirement. <u>Duncan v. Louisiana</u>, 391 U.S. 145, 149 (1968) (holding the

6

Sixth Amendment right to a jury trial applies to the states through the Fourteenth Amendment).

A state legislature is "vested," subject to constitutional limitations, "with authority to define the elements of a crime." Chicone v. State, 684 So. 2d 736, 741 (Fla. 1996). "Accordingly, identification of the elements of a crime which must be charged in a state-issued information is, at least initially, a question of legislative intent." Id. The Florida Legislature enacted the "10-20-Life" sentencing reclassification statute components as "sentencing factors" rather than elements of the underlying offense – an act within the state's established power. McMillan v. Pennsylvania, 477 U.S. 79, 83 (1986); Patterson v. New York, 432 U.S. 197, 211 (1977); Speiser v. Randall, 357 U.S. 513, 523 (1958).

A review of the evolution of Apprendi, with emphasis on precedent addressing charging-document defects and the relationship to the jury verdict, is necessary here. Following Apprendi, the United States Supreme Court issued multiple opinions defining an "Apprendi factor." See Blakely; Ring v. Arizona, 536 U.S. 584 (2002); Alleyne. In 2001, the Florida Supreme Court determined that sentencing errors raised under the Prison Releasee Reoffender Act must be preserved for review and rejected the assertion that such error was fundamental. McGregor v. State, 789 So. 2d 976, 977 (Fla. 2001). This was likely a precursor to a similar analysis of Apprendi factors.

In 2002, the Supreme Court, in United States v. Cotton, 535 U.S. 625 (2002), addressed a defendant's appeal of a technical-pleading deficiency in a federal indictment in the absence of a challenge regarding the jury verdict submission. The defendant asserted the imposition of an illegal sentence as a result of the indictment's failure to charge the precise weight of drugs in his possession at the time of arrest (where amount of drugs was relevant to sentencing enhancement, but not to underlying offense). Id. at 628.  Of note, the defendant did not raise an objection to the alleged technical-defect in the indictment at the trial stage.  In a unanimous decision written by Justice Rehnquist, in which the sentence was upheld, the Supreme Court applied its Apprendi analysis as follows: under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any factor (other than prior convictions) that increases the maximum penalty for a crime must be: 1) charged in an indictment; 2) submitted to the jury; and 3) proven beyond a reasonable doubt. Id. at 627. However, the Court found that an overall record review, with an emphasis on the jury verdict, confirmed that the three-fold Apprendi requirements were satisfied.

The Supreme Court, in Cotton, further detailed the deficiency in the indictment did not present a jurisdictional weakness for failure to charge a crime, and also, the omission of the sentencing enhancement factor in the indictment did

8

not justify vacating the enhanced sentence. 535 U.S. at 626. The Court explained

the real threat then to the:

> 'fairness, integrity, or public reputation of judicial proceedings' would be if respondents, despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial crimes because of an error that was never objected to at trial.

Id. at 634. Accordingly, Apprendi-type element satisfaction could be accomplished

despite charging deficiencies.

In 2006, in a landmark decision, the United States Supreme Court declared

Apprendi violations no longer constitute per se fundamental error. See Washington

v. Recuenco, 548 U.S. 212, 222 (2006). The Court announced:

> Failure to submit a sentencing factor to the jury is not "structural" error. If a criminal defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that most constitutional errors are subject to harmless-error analysis. E.g., Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed. 2d 35. Only in rare cases has this Court ruled an error 'structural,' thus requiring automatic reversal. In Neder, the Court held that failure to submit an element of an offense to the jury - there, the materiality of false statements as an element of the federal crimes of filing a false income tax return, mail fraud, wire fraud, and bank fraud, see id. at 20-25, 119 S.Ct 1827 – is not structural, but is subject to Chapman's harmless-error rule, 527 U.S. at 7-20, . . . Apprendi makes clear that "[a]ny possible distinction between an 'element' of a felony . . . and a 'sentencing factor' was unknown…during the years surrounding our Nation's founding." 530 U.S. at 478, 120 S. Ct. 2348. Accordingly, the Court has treated sentencing factors, like elements, as facts that have to be tried to the jury and proved beyond a reasonable doubt.

Id. at 213. Following Recuenco, even failure to submit an Apprendi factor to the

jury was not considered structural error, and therefore, not a basis for a per se reversal on direct appeal.

In Galindez v. State, 955 So. 2d 517 (Fla. 2007), the Florida Supreme Court applied the Recuenco harmless-error application to Apprendi and Blakely challenges. The Florida Supreme Court detailed, "...[T]o the extent some of our pre-Apprendi decisions may suggest that the failure to submit factual issues to the jury is not subject to harmless error analysis, Recuenco has superseded them." Id. at 522-523.

A year later, the Florida Supreme Court in Deparvine v. State, 995 So. 2d 351 (Fla. 2008), distinguished the holding and application of its prior decision in State v. Gray, 435 So. 2d 816 (Fla. 1983), and addressed preservation and waiver of alleged Apprendi error. Specifically, the court previously held, "[G]enerally, if an indictment or information fails to *completely charge a crime* under the laws of the state, the defect can be raised at any time. Gray, 435 So. 2d at 818 (emphasis added). However, now "where a defendant waits until after the State rests its case to challenge the propriety of an indictment, the defendant is required to show not that the indictment is *technically defective* but that it is so fundamentally defective that it cannot support a judgement of conviction." Deparvine, 995 So. 2d at 373 (citing Ford v. State, 802 So. 2d 1121, 1130 (Fla. 2001) (emphasis added)). Per Deparvine, there exist two avenues for raising an Apprendi error. The first requires

10

a timely objection to the technical-defect. Technical errors may be remedied at the trial level by dismissal or an order for particulars.  Secondly, if no timely objection is raised rendering the technical-defect as unpreserved, the defendant may raise, on appeal, a claim of fundamental right violation, which is subject to harmless error analysis.  Accordingly, following Deparvine, the holding of Gray could no longer be cited as a basis for per se reversible error as technical-defects were no longer considered "structural error."

The Florida Supreme Court later held that the preservation rules of Deparvine applied to a defendant's challenge to charging documents involving mandatory minimum sentencing under the "10-20-Life" law. Bradley v. State, 3 So. 3d 1168 (Fla. 2009).  The court highlighted the "slightly different" rules relating to raising sentencing error challenges: 1) when preserved for review by contemporaneous objection, error may be raised on direct appeal; 2) even if not originally preserved, rule 3.800(b) provides a defendant with a mechanism to correct sentencing errors in the trial court at the earliest opportunity and gives defendants a means to preserve these errors for appellate review even while an appeal is pending (but before initial brief); 3) rule 3.850 allows a defendant to raise a sentencing error within two years after the sentence becomes final; and 4) rule 3.800(a) permits "a defendant to allege that the sentence was illegal, that insufficient credit was awarded for time served, or that the sentencing scoresheet

11

was incorrectly calculated." <u>Jackson v. State</u>, 983 So. 2d 562, 568 (Fla. 2008) (citing <u>Brooks v. State</u>, 969 So. 2d 238, 241-42 (Fla. 2007)).

In <u>Price v. State</u>, 995 So. 2d 401 (Fla. 2008), the Florida Supreme Court, in further distinguishing <u>Gray</u>, recognized a distinction between technical and substantive-defect challenges to state informations. <u>Price</u> provided a standard for distinguishing a technical-defect from a substantive-defect in declaring a substantive-defect (capable of appeal at any time as violation of fundamental right) as one that "wholly fails to allege any element of the crime . . . . " <u>Id.</u> at 405.

In 2010, the Florida Supreme Court again reviewed a conviction and sentence based on an alleged information deficiency. <u>Miller v. State</u>, 42 So. 3d 204, 216 (Fla. 2010). The court announced "...the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial" is applicable to <u>Apprendi</u> challenges to state-issued informations, regardless of an enhanced sentencing component. <u>Id.</u>

A year later, in <u>Carbarjal v. State</u>, 75 So. 3d 258 (Fla. 2011), the Florida Supreme Court further distinguished the application of <u>Gray</u>. The Court advised:

> We have also explained, however, that while a charging instrument is essential to invoke the circuit court's subject matter jurisdiction, 'defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and where all the elements of the crime in question are proved at trial.'

<u>Id.</u> at 262 (quoting <u>Gray</u>, 435 So. 2d at 818).

The Eleventh Circuit agreed with the Florida Supreme Court's holding that the Sixth Amendment did not require an indictment specify aggravating circumstances, even in a capital case. Grim v. Secy., Fla. Dep't of Corr., 705 F.3d 1284 (11th Cir. 2013); see also Winkles v. State, 894 So. 2d 842, 846 (Fla. 2005).

Despite precedent provided by the United States Supreme Court and Florida Supreme Court, conflict exists among the district courts of Florida regarding treatment of Apprendi defects in state-issued informations. District courts continue to intermittently cite Whitehead v. State, 884 So. 2d 139 (Fla. 2d DCA 2004), Rogers v. State, 875 So. 2d 769 (Fla. 2d DCA 2004), Davis v. State, 884 So. 2d 1058 (Fla. 2d DCA 2004), and Daniel v. State, 935 So. 2d 1240 (Fla. 2d DCA 2006), as supporting per se reversible error for technical-defects in charging documents. See McKenzie v. State, 31 So. 3d 275 (Fla. 2d DCA 2010); Green v. State, 139 So. 3d 460 (Fla. 1st DCA 2014); Lewis v. State, 177 So. 3d 64 (Fla. 2d DCA 2015). However, the Florida Supreme Court's recent opinion in Martinez v. State, No. SC15-1620, 2017 WL 728098 (Fla. Feb. 23, 2017), declares technical-defects in state-issued charging documents are no longer considered "structural" constituting per se reversible error and do not qualify as an "illegal sentence" subject to a rule 3.800(a) challenge. A defendant must raise a timely objection at the trial court level in order to preserve a technical-defect challenge, or such claim is waived. In the absence of timely objection, the defendant's claim survives only

13

if fundamental error is established.

## IV.  <u>The Amended Information</u>

The subject Amended Information charged:

. . . IVORY LEE ROBINSON, in Alachua County, Florida, on or about May 26, 2002, unlawfully and by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, but without a premediated design to effect the death of any particular person, did attempt **to kill and murder** WILLIAM FRANK MABREY, **by shooting** William Frank Mabrey, a human being, **with a firearm** and/or IVORY LEE ROBINSON did unlawfully commit a battery upon WILLIAM FRANK MABREY by actually and intentionally touching or striking said person against said person's will, or **causing bodily harm** to WILLIAM FRANK MABREY and in the commission of said battery did **use a deadly weapon**, to-wit: .357 Llama Comanche Stoger Industries Revolver Serial Number S830231, and in the course or commission of said offenses, Ivory Lee Robinson did **discharge a firearm**; to wit; 357 Llama Comanche Stoger Industries Revolver. Serial Number S83023; and as a **result of the discharge of said firearm**, Ivory Lee Robinson did **cause an injury** to WILLIAM FRANK MABREY, **in violation of Section 775.087**, Florida Statutes, Section 784.045(1)(a)(2), and Section 782.04(2), Florida Statutes. (L10)

COUNT II: . . . IVORY LEE ROBINSON, in Alachua County, Florida, on or about May 26, 2002, having been convicted of a felony in the courts of this state or of a crime against the United States of America which is designated as a felony or convicted of an offense in another state, territory or country punishable by imprisonment for a term exceeding one year, did own or have in his care, custody, **actual possession** or control, a certain **firearm**, to-wit: .357 Llama Comanche Stoger Industries Revolver Serial Number S830231, contrary to Section 790.23(1), Florida Statutes. (L5)

(Emphasis added.)

The purpose of an information is to inform the accused of the charge(s)

14

against him, so that the accused will have an opportunity to prepare a defense. Florida charges the majority of crimes by information.[2] Florida Rule of Criminal Procedure 3.140 provides, "[T]he indictment or information on which the defendant is to be tried shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." In addition, Florida Rule of Criminal Procedure 3.140(d) (1) further requires the information to recite:

> . . . official or customary citation of the statute, rule, regulation or other provision of law that the defendant is alleged to have violated. Error in or omission of the citation shall not be grounds for dismissing the count or reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice.

Rule 3.140 allows a court to order the prosecuting attorney to furnish a statement of particulars when the information fails to inform the defendant sufficiently to prepare a defense. With respect to any defect,

> no indictment or information, or any count thereof, shall be dismissed or judgement arrested, or new trial granted on account of any defect in the form of the information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

Fla. R. Crim. P. 3.140(o). These sections reveal the duty of the State to give clear

---

[2] In Florida, a capital crime must be charged by indictment; all other felonies may be charged by information. See Fla. CONST. art. I, section 15(a). If the Indictment Clause applied to the states, Florida could not prosecute non-capital felonies by information.

and adequate notice, but with the disclaimer that defects are not grounds for automatic reversal or dismissal. See Leeman v. State, 357 So. 2d 703, 705 (Fla. 1978).

*Technical-Defect Challenge*

Here, defendant asserts the Amended Information is technically flawed pursuant to Apprendi, which he argues requires the phrase "*great* bodily harm" be precisely charged as an essential element of the enhancement provision. Accordingly, he asserts such an omission constitutes per se reversible error and cannot be cured by jury verdict. The defendant claims error based on a semantic comparison arguing that the information does not sufficiently charge the required Apprendi elements. In support, the defendant cites to the Second District's opinions in Daniel and Whitehead. These cases presented challenges to minimum mandatory sentences and the charging documents did not track the language of the enhancement statute. In both, the jury ultimately found the specific factors pursuant to special interrogatories. Daniel, 935 So. 2d at 1241; Whitehead, 884 So. 2d at 139. The Second District reversed both sentences, finding that the jury verdict could not cure the "defects" in the charging document and an information must *precisely* track the sentencing enhancement statute. Id. However, Daniel and Whitehead are readily distinguishable and have now been abrogated by the Florida Supreme Court in Martinez, No. SC15-1620, 2017 WL 728098, at *4. In Daniel,

16

the State conceded error on a portion of the sentencing and the case involved multiple defendants- a fact pattern demanding greater specificity in pleading. Daniel, 935 So. 2d at 1241.

Technical-defects in a charging document are reviewed differently than the failure to assert an essential element of the crime. Gray, 435 So. 2d at 818. "Great bodily harm" is not an essential element of attempted second-degree murder or possession of a firearm by a convicted felon, but rather, it allows for reclassification of the underlying crimes pursuant to section 775.087, Florida Statutes. Because the alleged defect was not the omission of an essential element of the crime, the defect is fundamental only if due process was denied. Connolly v. State, 172 So. 3d 893, 904 (Fla. 3d DCA 2015); Delgado v. State, 43 So. 3d 132, 133 (Fla. 3d DCA 2010) ("An information is fundamentally defective only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy."); State v. Wimberly, 459 So. 2d 456, 458–59 (Fla. 5th DCA 1984) ("There is a difference between an information that completely fails to charge a crime and one where the charging allegations are incomplete or imprecise. The former is fundamentally defective. However, where the information is merely imperfect or imprecise, the failure to timely file a motion to dismiss under Rule 3.190(c) waives the defect and it cannot be raised for the first time on appeal . . . . If the information recites the

appropriate statute alleged to be violated, and if the statute clearly includes the omitted words, it cannot be said that the imperfection of the information prejudiced the defendant in his defenses.") (quoting Jones v. State, 415 So. 2d 852, 853 (Fla. 5th DCA 1982)); Brewer v. State, 413 So. 2d 1217, 1221 (Fla. 5th DCA 1982) (en banc) (finding no fundamental error where the deficiency of the charging document was not a total omission of an essential element of the crime); Kane v. State, 392 So. 2d 1012, 1013 (Fla. 5th DCA 1981); State v. Cadieu, 353 So. 2d 150, 151 (Fla. 1st DCA 1977) ("The law does not favor a strategy of withholding attack on the information until the defendant is in jeopardy, then moving to bar the prosecution entirely.").

Florida does not view Apprendi type facts as within the essential elements pleading requirement because Apprendi-elements do not alter the offense itself (as opposed to the punishment that can be imposed). The different levels of punishment, under state law, do not create separate offenses. Florida now adopts the position that the requirements of the Sixth Amendment regarding notice can be satisfied without necessarily and precisely alleging Apprendi-type elements in the charging documents. See Deparvine; Grim v. Sec'y Fla. Dep't of Corr., 705 F.3d 1284 (11th Cir. 2013); Miller v. State, 42 So. 3d 204 (Fla. 2010); DuBoise v. State, 520 So. 2d 260 (Fla. 1988). Additionally, the Florida Supreme Court has noted "it will be a rare occasion that an information tracking the language of the statute

defying the crime will be found inefficient to put the accused on notice of the misconduct charged." Price, 995 So. 2d at 405.

Defendant's appeal of the technical-defect was initiated under rule 3.800(a), as opposed to rule 3.800(b). Accordingly, the asserted technical charging error must be deemed waived by the defendant's lack of a contemporaneous objection prior to the jury verdict and before the sentence was imposed in 2003. To preserve error for appellate review, a contemporaneous, specific objection must be made during trial. Jackson v. State, 983 So. 2d 562, 568 (Fla. 2008); Gore v. State, 964 So. 2d 1257, 1265 (Fla. 2007). Further, the alleged pleading insufficiency at issue here does not result in an "illegal sentence" subject to correction at any time under rule 3.800(a). The Florida Supreme Court recognizes that a defendant can waive the failure to precisely charge grounds for a mandatory minimum under the "10-20-Life" law. See Martinez; Nelson v. State, 191 So. 3d 950 (Fla. 4th DCA 2016); Rolling v. State, 41 Fla. L. Weekly D1906 (Fla. 3rd DCA Aug. 17, 2016); Connolly v. State, 172 So. 3d 893 (Fla. 3d DCA 2015); Bradley v. State, 3 So. 3d 1168 (Fla. 2009).

The technical-defect challenge raised by the defendant is also contrary to the "Criminal Appeal Reform Act of 1996," which provides that "[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute

19

fundamental error." § 924.051(3), Fla. Stat. An issue is not preserved within the meaning of the statute unless it was "timely raised before, and ruled on by, the trial court." § 924.051(1)(b) Fla. Stat., (Supp. 1996); see Latson v. State, 193 So. 3d 1070 (Fla. 1st DCA 2016) (Winokur, J., concurring). Here, the defendant did not raise any objection as to the technical insufficiency of the Amended Information prior to the jury verdict. Accordingly, fundamental error must be established to maintain a viable argument on appeal.

### *Substantive-Defect Challenge*

A charging document that "references a specific section of the criminal code" sufficiently detailing "all the elements of the offense" may support a conviction where the pleading otherwise fails to include an essential element of the crime. DuBoise v. State, 520 So. 2d 260, 265 (Fla. 1988); Figeroa v. State, 84 So. 2d 1158, 1161 (Fla. 2d DCA 2012). However, "a conviction on a charge not made by the indictment or information is a denial of due process[,]" and an indictment or information, that "wholly omits to allege one or more of the essential elements of the crime" cannot support a conviction for that crime. Gray, 435 So. 2d at 818. This is a "defect that can be raised at any time-before trial, after trial, on appeal, or by habeas corpus." Id.

Defendant also claims that his conviction and sentence are illegal, as the Apprendi factor of "great bodily harm" was not charged in the Amended

20

Information and found by the jury beyond a reasonable doubt. Relying again on Daniel, the defendant argues that a jury verdict cannot cure any alleged deficiencies in the charging document. He also asserts that the jury did not find all sentencing factors under section 775.087, Florida Statutes, in violation of Apprendi. The trial court expressly denied defendant's argument that the Amended Information did not precisely track the enhancement statute - finding that even though the language is not precise, it is clear, and the jury found beyond a reasonable doubt that defendant discharged a firearm causing "great bodily harm."

Here, the trial court cited Gentile v. State, 87 So. 3d 55 (Fla. 4th DCA 2012), in denying defendant's rule 3.800(a) motion. In Gentile, the information alleged the defendant committed the offense with a deadly weapon. Id. at 57. The Fourth District determined that by inference, the jury's verdict found the defendant guilty of using a deadly weapon because it found him guilty "as charged in the information." Id. Thus, the verdict form's reference to the information was sufficient to support Gentile's sentence reclassification.

The Florida Supreme Court has consistently held a jury verdict may "cure" an Apprendi defect in a state-issued information. See Galindez v. State, 955 So. 2d 517 (Fla. 2007); Miller; Price; Grim. Post-2006, failure to submit a sentencing factor to a jury is no longer considered structural error. Such failure is subject to harmless error analysis, if the error is of a fundamental nature. Recuenco, 548 U.S.

21

at 221. Here, any defect in the charging document, namely failure to allege "great bodily harm" as opposed to "bodily harm," was cured by the victim's testimony at trial and the jury verdict. The jury found the defendant guilty as charged, which included the factual finding the defendant shot the victim. We find this sufficient to satisfy "great bodily harm" as a required element of the sentencing enhancement.

If a pleading should require an identification of the particular injury, additional detail is commonly seen as flowing from the factual specificity requirement rather than the essential elements requirement. See United States v. Gayle, 967 F.2d 483 (11th Cir. 1992). Here, the record on appeal confirms Count I of the Amended Information charged that defendant "did attempt to kill . . . by shooting . . . with a firearm . . . causing bodily harm . . . did use a deadly weapon . . . did possess a firearm . . . did discharge a firearm . . . did cause injury . . . in violation of Section 775.087, Florida Statutes, Section 784.045(1)(a)(2), and Section 782.04(2), Florida Statutes." We agree with the State. The fact the defendant shot the victim, coupled with the statutory citation, was sufficient to give notice of the "great bodily harm" element of section 775.087, Florida Statutes. See Coke v. State, 955 So. 2d 1216, 1217 (Fla. 4th DCA 2007) (concluding that an information, which charged the defendant with aggravated battery by "shooting [the victim] in the legs," was sufficient to advise the defendant of the "great bodily

22

harm" element, as language was more specific than "simply alleging great bodily harm"); Nelson v. State, 191 So. 3d at 952-53 (concluding the information indicating that the victim was "shot" was sufficient to provide notice of the "great bodily harm" element).

## V. Fundamental Error & Harmless Error

A review of the Amended Information and the record demonstrates fundamental error was not present because: 1) the Amended Information did not omit an essential element of the charged offenses; 2) the Amended Information referenced section 775.087, Florida Statutes, in the charging document; 3) the defendant had notice the State would be seeking a reclassification of his conviction under section 775.087, Florida Statutes, based on the defendant's personal possession of a firearm during the commission of the underlying offenses; and 4) the defendant claims no surprise or prejudice in the preparation or presentation of his defense and establishes no other grounds of actual prejudice.

The Florida Supreme Court has clarified that, although a specific finding in an interrogatory on the verdict form is preferable, what is ultimately required is a "clear jury finding." State v. Iseley, 944 So. 2d 227, 231 (Fla. 2006). The Court emphasized:

> [A]ll that is required for the application of a reclassification or enhancement statute to an offense is a clear jury finding of the facts necessary to the reclassification or enhancement 'either by (1) a specific question or special verdict form (which is the better practice),

23

or (2) the inclusion of a reference to [the fact necessary for reclassification] in identifying the specific crime for which the defendant is found guilty.'

Gentile, 87 So. 3d at 57 (Fla. 4th DCA 2012) (quoting Sanders v. State, 944 So. 2d 203, 207 (Fla. 2006) (quoting Iseley, 944 So. 2d at 231)).

The test for granting relief based upon a substantive-defect in the charging document is "actual prejudice." Gray, 435 So. 2d at 818. Because the defect did not pertain to an essential element of the crime, the defect is fundamental only if the defendant demonstrates that he was denied due process. In other words, because the defendant failed to make a contemporaneous objection, the defect was not fundamental error unless he is able to demonstrate insufficient notice that a conviction for second-degree murder and possession of a firearm by a convicted felon could subject him to a reclassification under section 775.087, Florida Statutes (2002).

"An illegal sentence subject to correction under rule 3.800(a) must be one that no judge under the entire body of sentencing laws could possibly impose under any set of factual circumstances." Martinez at *4 (citing Wright v. State, 911 So. 2d 81, 83 (Fla. 2005); see also Carter v. State, 786 So. 2d 1173, 1181 (Fla. 2001). The illegality must be of a fundamental nature and clear from the face of the record. Wright, 911 So. 2d at 83-84. We find no such fundamental error.

Prior decisions of this Court in Boyce v. State, 202 So. 3d 456 (Fla. 1st DCA

24

2016), and <u>Arnett v. State</u>, 128 So. 3d 87 (Fla. 1st DCA 2013), are factually distinguishable.[3] Furthermore, clarity has been provided by the Florida Supreme Court in <u>Martinez</u> at *4.

## Conclusion

In the wake of <u>Galindez</u>, <u>Deparvine</u>, and <u>Martinez</u>, the menu options for a defendant's <u>Apprendi</u>-error appeal have been limited. Technical-defects in a charging document are no longer "structural" constituting per se reversible error. A defendant's failure to raise a timely objection to a charging document's technical insufficiency, prior to a jury verdict, results in waiver of a pure pleading challenge. Subsequently, a defendant may only appeal by arguing constitutional error, which is subject to harmless error review.

Defendant failed to properly preserve the technical-defect claim, and his "illegal sentence" challenge is not cognizable under a rule 3.800(a) motion. His substantive challenge failed to establish fundamental error. Alternatively, even if

---

[3] In <u>Arnett</u>, the defendant was charged with possession of a firearm by a convicted felon. 128 So. 3d at 87. The information did not charge "actual possession" of a firearm (key element of the underlying charge), nor did it charge the sentencing reclassification or enhancement. <u>Id.</u> at 88. This Court reversed on the basis that the "enhancement must be *clearly* charged in the information." <u>Id.</u> (emphasis added). In <u>Boyce</u>, this Court reversed an enhanced sentence when the information failed to charge "actual possession" of a firearm despite the underlying burglary crime involving multiple defendants. 202 So. 3d at 456. The information failed to detail whether the defendant was being charged under the principal or accomplice theory and was silent with respect to the State's intent to seek the enhancement sentence; The State did not provide notice of its intent to seek sentencing enhancement against Boyce until after the jury trial. <u>Id.</u>

the Apprendi defects asserted by the defendant constitute a constitutional violation, we find the error to be harmless.

For these reasons, we affirm the trial court's denial of defendant's rule 3.800(a) motion.

WOLF and BILBREY, J.J., CONCUR.