PER CURIAM.
Affirmed. See Connolly v. State, 172 So.3d 893, 903-04 (Fla. 3d DCA 2015) (holding that "technical defects in a charging document are treated differently than the failure to allege an essential element of the crime. An indictment that wholly omits an essential element of a crime is a fundamental defect that may be raised at any time because the indictment fails to charge a crime when an essential element is omitted. Use or possession of a firearm, however, is not an essential element of second degree murder, but rather, it may serve to allow for a reclassification of the second degree murder from a first degree felony to a life felony or as an enhancement of the sentence imposed") (internal footnote and citation omitted). See also Galindez v. State, 955 So.2d 517 (Fla. 2007) (holding that an Apprendi/ Blakely [1] error is subject to a harmless error analysis); Robinson v. State, 215 So.3d 1262, 1274 (Fla. 1st DCA 2017).

See Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ; Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).